WISE, ASSIGNEE OF EUBANK, Appellant, v. ST. LOUIS MARINE INSURANCE COMPANY, Respondent.

1. A policy of insurance, made in the name of a particular person, will not cover and protect the interest of any person other than the one named in the policy as the assured, unless the words " for whom it may concern," or other equivalent words, indicate that it is intended that the interest of such other person should be covered by the same; nor can a custom or usage be shown contravening this rule of law.

*Error to St. Louis Court of Common Pleas.*

This was a suit on a policy of insurance, dated January 1st, 1853. The policy covered the usual perils, and contained the following clauses : " This policy of insurance witnesseth, that the Marine Insurance Company of St. Louis do by these presents cause *Mr. Samuel L. James* to be insured, lost or not lost, to the 31st day of December, 1853, on all shipments of merchandise, the property of the assured, at and from places within the United States, direct to St. Louis, on good ships and vessels by sea, good steamboats on lakes and rivers, good canal boats on canals, and by railroads over land : the assured to notify this company of every such shipment as soon as advised thereof, specifying invoices and aggregate amount. " " No shipment from St. Louis will be covered by this policy until reported to and accepted by this company. This policy will also cover all consignments to the address of the assured, whereon insurance may be required, either by endorsement on bill of lading, or by letter per mail previous to or at the time of shipment, the assured to notify this company of every such shipment as soon as known to him." " This policy will cover any other shipment only when specially applied for and accepted by endorsement hereon." This policy was made a part of the petition.

The plaintiff, after setting forth in his petition the making of the policy, &c., proceeds as follows : " The plaintiff further

states, that on or about the first day of April, 1853, the said James, acting for the plaintiff's assignor, Cornelius Eubank, made a shipment of merchandise, the property of said Eubank, upon a good steamboat, the steamboat Georgia, at the said port of St. Louis, to be thence conveyed and transported to Council Bluffs, a town on the Missouri river ; that at the time when said shipment was made, said James, acting for said Eubank, notified the said defendant of said shipment, and specially applied for insurance thereon for the said Eubank, which application was then and there accepted ; and it was then and there agreed by and between said James, so acting as aforesaid for said Eubank and the said defendant, that said insurance should be made and perfected by the same being entered and endorsed in said James' policy aforesaid, for the said Eubank, and it was agreed that the costs and expenses of said insurance should be placed in said James' regular insurance account with said defendant, and be charged and collected of and paid by said James, the same as if the said merchandise so insured had been the property of said James, although it was well understood at the time of the contracting as aforesaid that the said property so insured belonged to said Eubank, and that the said insurance was his, and for the benefit of him, the said Eubank. The plaintiff further states that thereupon the endorsement of said insurance was made upon said James' policy, and the risk taken by the said defendant ; and said defendant then and there agreed, and for the consideration of $184, paid or to be paid by said James to said defendant, did then and there insure said property of said Eubank, for him the said Eubank, against the perils aforesaid in said policy mentioned. The plaintiff further states that the manner aforesaid of the making of said insurance was according to long continued custom of said defendant in such like cases." Plaintiff then states the value of the merchandise claimed to be covered by the policy, to-wit, $7372, and its loss by a peril insured against.

To this petition defendant demurred, and assigned as grounds of the demurrer, " 1st. The petition does not show facts suf-

ficient to constitute a cause of action in the plaintiff ; 2d. The petition does not show any contract with plaintiff or with plaintiff's assignor ; 3d. It does not show that said written policy of insurance was made with plaintiff's assignor or for his account, but, on the contrary, with one James ; 4th. There is no written contract or liability shown from defendant to said Eubank upon which the action can lie in law."

The court sustained the demurrer, and rendered judgment thereon for the defendant.    Plaintiff appealed to this court.

·*Krum & Harding*, for appellant.

I. By the clause in the policy, which is in the following words, " this policy will cover any other shipment only when specially applied for and accepted by endorsement hereon," there is an agreement on the part of the respondent that the policy should cover all shipments, without regard to ownership, which might be specially applied for and accepted by endorsement as aforesaid.    The limitation as to the property being " the property of the assured" is confined to only one class of risks.    It evidently does not apply to that class which is next named, viz., consignments to the address of the assured ; nor to that class of which the risk in question was one, viz., a risk on property not belonging to the assured ; but which, by custom among underwriters on risks on the western waters, and by force of the fair interpretation of the above clause in the policy, belongs to some other person for whom the assured was the broker or factor.

II. Every usage of a particular trade which is so well settled, or so generally known, that all persons engaged in that trade may fairly be considered as contracting with reference to tt, is considered to form part of every policy designed to protect risks in such trade.    (1 Arnould on Insurance, 66, 69.)

III. The clause above quoted is equivalent to the words, " or whom it may concern."    It contemplates the securing of the interest of other persons besides James, and this case is therefore not similar to the case in 8 Metc. 348.

IV. Under our present system of practice, the suit can not

be brought in the name of an insurance broker or of the assured to the use of the real party in interest ; but it must be brought in the name of the latter. (Art. 3, sec. 1 Prac. Act, 1849.)

V. The court below therefore erred in sustaining the demurrer to the petition, and should have allowed plaintiff to make proof of the usage, if the construction of the clause aforesaid, taken in connection with the present method of bringing suits, were not sufficient to give the plaintiff the right to sue in his own name, independent of such proof.

*J. A. Kasson*, for respondent, cited, 1 Taunt. 115 ; 1 Phil. on Ins. §§ 379–80 ; Kaines v. Knightly, Skin. 54 ; Leslie v. La Tone, 12 East. 358 ; Dix v. Dix, 5 Pick. 38 ; Stackpole v. Arnold, 11 Mass. 27 ; Finney v. Bedford Ins. Co. 8 Metc. 348 ; 1 Arnould on Ins. 64.

SCOTT, Judge, delivered the opinion of the court.

It is a rule of law that, if an insurance is made by a person in his own name only, without any indication in the policy that any other is interested, it can be applied only to his own proper interest in the subject, or his interest as trustee, or in some other way. (1 Phil. on Ins. 210.) Thus it was held that, where a part owner of a vessel, or its outfits, effected insurance thereon, in his own name only, and there was nothing in the policy which indicated that the interest of any other person was secured thereby, an action on the policy could not be maintained in the name of all the owners, upon parol proof that such part owner acted as their agent for effecting insurance, and this was known to the underwriters, and the insurers agreed to insure for them all. (Finney v. Bedford Com. Ins. Co. 8 Metc. 348.) So, in the case of Graves & Barnwell v. Boston Marine Ins. Co. (2 Conn. 418,) it was held that a policy in the name of one joint owner " as property may appear," without a clause stating the insurance to be for the benefit of all concerned, does not cover the interest of another joint owner. In the case of Kemble v. Rhinelander, (3 John. Cases,) Judge Kent said : " The declaration in the policy that the insurance

was for the account of M., was equivalent to saying that the cargo was his property."

In policies, the insured may be described in such way that any person may be comprehended and become entitled to the contract by proving that he was the party intended by the policy. Various forms of expression are adopted for this purpose. In England a broker insures as well in his own name as in the name of all persons whatsover, to whom the same may in any way appertain. We are told the same form is frequently used in the United States, as well as a more compendious one, in which the party taking the policy is insured for himself and " whom it may concern." A policy made in the name of a particular person, " for whom it may concern," or any equivalent clause, will be construed to protect the interest of the party or parties intended at the time the policy is made, who have authorized it or made it theirs by subsequent adoption. (1 Phil. on Ins. 210.)

In the case under consideration, the policy contains no clause nor any words indicative that the interest of any other person than of him named in the contract, was intended to be covered by it. The argument that the clause in the contract, by which it is stipulated that " this policy will cover any other shipment only when specially applied for and accepted by endorsement hereon," was equivalent to the words " for the owners " or " for whom it may concern," and would authorize proof that the plaintiff's assignor was the party for whose benefit the policy was intended, loses sight of the rule stated above, that insurance made by a person in his own name only, without any indication in the policy that any other is interested, can be applied only to his own proper interest. The clause, to which allusion has been made, must be construed in reference to this, rule, and can be extended only to interests owned by the persons named. It is not necessary to give the clause the force contended for, in order that it may have effect. This suit not having been instituted in the name of the party with whom the contract was made, it can not be ascertained whether he had

such an interest in the goods as would warrant a recovery for their loss.

The rule against the admission of parol evidence to explain written contracts, is inflexible. Custom can not sanction a violation of law. Where a policy of insurance was executed in blank, as thus, "A. B., on account of ——, do —— make insurance," it was held that parol evidence of the usage of underwriters and of mercantile understanding, for the purpose of giving construction and meaning to the policy, was inadmissible. (Turner v. Burrows, 5 Wend. 541.) A distinct additional, independent stipulation, not comprehended or covered by the language of the policy, can not be introduced into it by usage. (Phil. on Ins. 100.)

The plaintiff not having proceeded on the assumption that there was any mistake or fraud in writing the original policy, or in making the endorsement thereon, the satisfactory proof of which facts, or either of them, would be a ground for reforming the contract so as to make it agreeable to the intention of the parties, we are relieved from any inquiry in relation to that matter. (2 Cranch, 419.) So, as this suit has not been brought in the name of the party mentioned in the policy, we are precluded from any inquiry as to the extent of his interest in the cargo, whether it was such as would entitle him to recover, or how much.

The judgment is affirmed; the other judges concur.