### WILLAMETTE NAV. CO. v. HARTFORD FIRE INS. CO.

(Circuit Court of Appeals, Ninth Circuit. March 5, 1923.)

No. 3894.

1. **Insurance ⬿115(8)—Carrier can insure entire interest in cargo carried.**

A carrier can lawfully insure the entire interest in the cargo intrusted to its care, and, if loss occurs, can collect from the insurer the entire amount of the loss sustained which is covered by the insurance, but in such case it holds the excess above its own interest in the cargo for the benefit of the owners.

2. **Insurance ⬿156(1)—Policy to carrier for account of themselves does not insure shipper's interest.**

A policy of insurance issued to a carrier covering a cargo transported, which stated the insurance was for "account of themselves, loss, if any, payable to assured," without any provision indicating the policy was for the benefit of whom it might concern, insures only the carrier's interest in the cargo, and not the interest of the shipper or of other persons involved.

3. **Insurance ⬿156(1)—Carrier held not entitled to recover for loss for which it was not liable.**

Where the insurance policy issued to the carrier covered only the carrier's interest in the cargo, there could be no recovery thereon for

⬿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the shipper's interest in the cargo, where the loss resulted from stranding of the ship, for which the carrier, under the bill of lading, was not liable to the cargo owner.

Appeal from the District Court of the United States for the First Division of the Northern District of California; Maurice T. Dooling, Judge.

Libel in admiralty by the Willamette Navigation Company against the Hartford Fire Insurance Company. From a decree dismissing the bill, libelant appeals. Affirmed.

The Willamette Navigation Company is a common carrier, and, as such, it engaged to transport certain paper rolls from Oregon City to Portland, Or., by the Steamship Ruth (the paper rolls being in part the property of the Crown-Columbia Paper Company and in part that of the Willamette Pulp & Paper Company), under bill of lading, subject to the condition that the carrier should not be responsible for loss or damage resulting from the perils of the lakes, sea, or other waters, or from collision, stranding, or other accidents of navigation.

The Willamette Navigation Company took out insurance with the Hartford Fire Insurance Company, by open policy on paper rolls or bundles while aboard the Ruth, "for account of themselves, loss, if any, payable to assured," whereby the latter company insured the former against perils of "the sea, rivers, canals, railroads, fires, jettisons, and all other perils and misfortunes that have or shall come to the hurt, detriment, or damage" of the property concerned, or any part thereof. By reason of casualty in navigation, attributable to stranding of the vessel, a quantity of the paper was damaged and lost, and the navigation company filed a libel against the insurance company to recover, under the policy, the amount in part of the loss and damage to the paper. Prior to the filing of the libel, the insurance company settled for the amount of the loss sustained by the Crown-Columbia Paper Company, for which receipt was given and accepted in the following form:

"Received of the Hartford Fire Insurance Company, through Palache & Hewett, general agents at San Francisco, the sum of eleven hundred fifty-eight and 80/100 dollars, being in full satisfaction and compromise settlement of all claims and demands against the said company for loss or damage by stranding steamer Ruth which occurred on the 11th day of January, 1913, to the property described under cargo policy No. 304 of said company.

"$1,158.80.                                        Willamette Navigation Company.
                                                         "By Oscar Sutro."

It is one of the contentions of respondent that this receipt is in full settlement of all damages for the loss sustained, on the part of both the Crown-Columbia Paper Company and the Willamette Pulp & Paper Company, and it was so held by the learned trial court, resulting in a decree in favor of the respondent, dismissing the libel. Incidentally, it may be said that the Willamette Pulp & Paper Company was separately insured with the Standard Marine Insurance Company, and has been indemnified by that company for the loss it sustained.

Ira S. Lillick, of San Francisco, Cal., for appellant.

Andros & Hengstler, Coogan & O'Connor, and F. W. Dorr, all of San Francisco, Cal., for appellee.

Before GILBERT and HUNT, Circuit Judges, and WOLVERTON, District Judge.

WOLVERTON, District Judge (after stating the facts as above).
[1] The Willamette Navigation Company, being a bailee for hire,

287 F.—30

whether as carrier or warehouseman, could lawfully insure the entire interest in the paper rolls entrusted to its care for carriage or storage, and, if loss occurred, would be entitled to demand and collect from the insurer the entire amount of the loss sustained covered by the insurance. In such case, however, it would hold the excess above its own interest in the paper for the use and benefit of the owners of the paper, or others concerned therein. Phœnix Ins. Co. v. Erie & W. Transportation Co., 117 U. S. 312, 323, 6 Sup. Ct. 750, 29 L. Ed. 873; Munich Assur. Co. v. Dodwell & Co., 128 Fed. 410, 63 C. C. A. 152; California Ins. Co. v. Union Compress Co., 133 U. S. 387, 409, 10 Sup. Ct. 365, 33 L. Ed. 730. To be more explicit: In Beach's Law of Insurance, § 875, it is said:

"Thus a common carrier may insure goods intrusted to him for their full value, without regard to his liability to the owner; so may a warehouseman, although liable to the owner for his own negligence."

And in Joyce on Insurance, § 925:

"A common carrier who is liable by law, custom, or contract, if only for his own negligence, for goods held by him or under his care, or who has a lien thereon, has an insurable interest therein, and may insure them to their full value, and the policy need not specify the nature of his interest. So a carrier has an insurable interest in goods in his custody, and may insure the same either for his own or the owner's benefit. * * * Again, a carrier has an insurable interest in the goods intrusted to it for carriage that it may insure not only its interest or its liability, but the whole value of the goods, and upon so doing may collect the whole value, and, after reimbursing itself for its special loss, hold the surplus in trust for the owners."

We applied these principles in Munich Assurance Co. v. Dodwell & Co., supra. We said:

"We think the true doctrine is that a carrier has an insurable interest in goods in his possession as such, to the full extent of their value, against a loss for which it is possible that he may become responsible, and that the question whether he has the right to recover under the policy is not to be determined after the loss by inquiring whether in fact he is then liable to the owners of the property for the value thereof or for damage thereto. * * * It had the right to insure against its own negligence, as well as against the necessity of being required to enter into the inquiry whether its own negligence caused or contributed to the stranding of the vessel."

[2] Turning to the policy of insurance, it will be seen that the insurance is for "account of themselves, loss, if any, payable to assured." It is contended by the respondent, the appellee here, that, by reason of this clause in the policy and its wording, the insurance covers only the libelant's interest in the paper, as carrier, and not the interest of the shipper or of other persons involved, and that, if it had been intended to cover the shipper's or other interest, it would have read "on account of whom it may concern," as in the Phœnix Insurance Company Case, or "their own or held by them in trust or on commission," as in the California Insurance Company Case, or have contained some expression of the kind more comprehensive in its nature than that we are asked to consider.

We are of the view that the contention of counsel is sound. The insurance, being for "account of themselves," comprises a particular person; that is, the assured, to whom the loss is payable. "The general rule is that a policy made in the name of a particular person will not protect the interest of any other person, unless the words 'for whom it may concern' or their equivalent indicate that it is intended that the interest of some other person be covered." Cooley's Briefs on Insurance, vol. 1, p. 787. The rule is stated in like effect by Wallace, J., in The Sydney (C. C.) 27 Fed. 119, 125, and previously applied in the same case by Brown, J. (D. C.) 23 Fed. 88, 93. The principle is stated in slightly different terms in Wise, Assignee of Eubank, v. St. Louis Marine Ins. Co., 23 Mo. 80, 83, as follows:

"If an insurance is made by a person in his own name only, without any indication in the policy that any other is interested, it can be applied only to his own proper interest in the subject, on his interest as trustee, or in some other way."

So it was held in Finney et al. v. Bedford Commercial Ins. Co., 8 Metc. (Mass.) 348, 41 Am. Dec. 515, that when a part owner of a vessel effects insurance therein in his own name only, and there is nothing in the policy indicating that it was designed to cover the interest of any other person, it could not be shown by parol evidence that other persons were concerned also, and that their interests as well were intended to be insured. Likewise it was held in Graves v. Boston Marine Ins. Co., 2 Cranch, 419, 2 L. Ed. 324, that a policy in the name of one joint owner of a vessel "as property may appear," without a clause stating the insurance to be for the benefit of all concerned, does not cover the interest of any other joint owner. To a like purpose, see Russell v. New England Marine Ins. Co., 4 Mass. 82, and Woodbury Savings Bank & Bldg. Ass'n v. Charter Oak F. & M. Ins. Co., 29 Conn. 374.

[3] The language of the present policy is explicit and restrictive, and unless some interest of the libelant is to be subserved there can be no action on the policy. In this view it may well be that, if libelant has incurred a liability to the shippers under its contract of affreightment, such liability would be covered by the language "for account of themselves," for it is reasonable to suppose that that was one of the purposes of the insurance, to reimburse the libelant for loss that it might be required to make good to the shipper. But the libelant has incurred no liability to the shipper. The libel is based upon the alleged fact that "the said steamer stranded and sunk." The evidence obviously sustained the allegation.

Nor is it shown that the cause of stranding is attributable to negligence in navigation; so that recovery must ensue, if at all, upon the single allegation of stranding. On referring to the bill of lading, it will be found that this very cause is one of the excepted perils of carriage. This is the provision relating thereto:

"If any or any part of said property is carried by water over any part of the route, such water carriage shall be performed, * * * subject also to the condition that no carrier or party in possession shall be liable for any loss or damage resulting from perils of the lakes, sea, or other waters, * * * or from collision, stranding, or other accidents of navigation."

That the carrier might so limit liability to the shipper as the bill of lading purports to do is obvious under the authorities. York Co. v. Central Railroad, 3 Wall. 107, 18 L. Ed. 170; Hart v. Penna. Railroad Co., 112 U. S. 331, 5 Sup. Ct. 151, 28 L. Ed. 717; Phœnix Ins. Co. v. Erie & W. Transportation Co., supra. So that the libelant incurred no liability whatever to the shipper arising from the alleged fact of stranding. There is no basis whereupon it has any standing for recovery under the policy by reason of the shipper's loss. The libelant lays no claim to loss arising otherwise.

It follows from these considerations that libelant is without right of recovery upon the policy for the cause alleged in the libel.

The order dismissing the libel will therefore be affirmed.