Mr. Justice FIELD
 

 delivered the opinion of the court.
 

 The charter of the company defendant in the same clause which' authorizes its president and directors to make insurance against fire, and for that purpose to execute such “contracts, bargains, agreements, policies, and other instruments” as may be necessary, declares that every such contractj bargain, agreement, and policy shall be in writing, or in priut, aud be under- the seal of the corporation, and be signéd by the president and attested by the secretary or other officer appointed for that purpose.
 

 "Where similar language ab to the form of the contract or policy was used in connection with a like grant of power to insure, in a general statute of Pennsylvania respecting insurance companies, it was held by the late Mr. Justice Grier, in a case before the Circuit Court of the United States, that a company to which the law applied, could make an insurance, which would be legally valid, only by„a policy attested by the officers and seal of the corporation.
 
 *
 
 The learned justice undoubtedly considered that the mode -in which the contract or policy could be made was so associated with the grant of power as to be essential to a valid exercise of the power. And such appears to be the natural import of the language of the clause of the charter of the defendant under
 
 *567
 
 consideration in this ease, when the whole clause, that which confers the power and that which prescribes the mode of its exercise, is read.
 

 But the learned justice at the same time very justly observed, that before the policy was attested in due form the president or secretary, or whoever else might act as general agent of the company, might make agreements and parol promises-as to the terms on which a policy should be issued, so that a court of equity would compel the company to execute the contract specifically; and that where a loss had happened, to avoid circuity of action, the chancellor would enter a decree directly for the amount of the insurance for which the company ought to have delivered its policy properly attested.
 

 The requirement of the charter in this case has reference, in our judgment, only to executed contracts or policies of insurance, by which the company is legally bound to indemnify against loss, and not to those initial or preliminary arrangements which-necessarily precede the execution of the formal instrument by the officers of the company. The preliminary arrangements for the amount and conditions of insurance are in a great majority of instances made by agents. It is always so where the insurance is effected out of the State where the company is incorporated and has its principal place of business. The charter of the company in this ease authorized the president and directors to appoint officers and agents for conducting its business in other places than the city of Philadelphia. And'it would be impracticable to carry on its business in other cities and States, or at least the business would be attended with great embarrassment and inconvenience, if such preliminary arrangements required for their validity and efficacy the formalities essential to the executed contract. The law distinguishes between the preliminary contract to make insurance or issue a policy and the executed contract or policy. And we are not aware •that in any case, either by usage or the by-law of any'company, or by any judicial decision, it has ever been held essential to the validity of these initial contracts that they should
 
 *568
 
 be attested by the officers and seal of the company. • Any usage or decision to that effect would break up or greatly impair the business of insurance as transacted by ageuts of insurance companies.
 

 In a recent ease in the Court of Appeals of Kentucky this precise question was considered, and its determination was in accordance with the views we have expressed.
 
 *
 
 There the suit was to enforce a parol contract of- insurance made by-the agent of the. company, whose charter provided that all policies or contracts of insurance made by the corporation should be “ subscribed by the president, or president
 
 pro iem.,
 
 aud signed and .attested by the secretary, and being so signed and attested,” should he binding and obligatory upon the corporation without its seal, according to.the tenor, extent, and meaning of the policies or contracts. And the court held that this clause did not require an executory contract for an insurance to be in writing, and said that it knew of no American charter which did so require, observing that whilst a policy as an executed contract of insurance was defined to be documentary and authenticated by the underwriter’s signature, yet a contract to issue a policy as an executory agreement to insure might be binding without a written memorial of it; that no statute of frauds applied, and that the common law did not require writing.
 

 There is no suggestion that the preliminary contract in this case was not made in perfect good faith on both sides, with full knowledge.by the agents of the condition, character, and value of the property insured. The credit allowed for the payment of the premium was an indulgence which the agents were authorized by general usage to give. Its allowance did not impair the preliminary contract; that, being valid, could have been euforced in a court of equity against the company'; and having been enforced by the procurement of a policy, an action could have been maintained upon the instrument.; or the court in enforcing the execution of the contract might have entered a decree for the
 
 *569
 
 amount of the insurance. But no resort to a court of equity for specific performance was necessary in thisjcase by reason of the action of the agents in filling up the blank-policy, which was duly attested, as they should have done immediately after the preliminary arrangement with the assured. The agents were authorized to do after the fire that which they had previously stipulated to do on behalf of the company. The original neglect to fill up the blank policy at once constituted no valid reason for further delay. If the policy filled up at once would have bound the company, so must the policy subsequently filled up. The relations of the parties and the obligations of the company were not changed by the neglect of the agents. The filling up of the policy was a voluntary specific performance of the preliminary agreement. And, when filled up, the policy was by express stipulation to be held by the agents in their safe for the assured, and no actual manual transfer was, under these circumstances, essential to perfect the latter’s title. It then became his property, and upon a refusal of the defendant to surrender it two courses were open to him: either to proceed by action to recover the possession of the policy, or to sue upon the policy to recover for the loss, and in the latter case to prove its contents upon failure of the company to produce the instrument on the trial.
 

 In
 
 Kohne
 
 v.
 
 The Insurance
 
 Company,
 
 *
 
 the terms of insurance upon a vessel were agreed upon between the agent of the plaintiff and the company. For the premium a note was to be received with approved security. A policy was accordingly filled up by the president in conformity with the agreement, and notice thereof given to the agent. Three days afterwards the agent called at the office of the company to deliver the note and receive the policy. The company had in the meantime heard of the loss of the property insured, a fact which was unknown to either party when the agreement was made, and refused to deliver the policy, asserting that the agreement for the insurance was inchoate,
 
 *570
 
 which it had a right to retract. The assured then brought trover for the policy, and Mr. Justice "Washington, presiding in the Circuit Court, sustained the action, holding that the contract was perfected when the policy was executed, and, of course, that the possession of the instrument by the company, after giving notice of its execution, did not impair the title of the assured.
 
 *
 

 In
 
 Lightbody
 
 v.
 
 The North American Insurance Company,
 

 †
 

 the agent of the plaintiff made a contract- of insurance of certain buildings with the agent of the defendant on the 30th of March, and paid the required premium. On the following morning the buildings were destroyed by fire. The policy was made out a,nd delivered by the agent on the 21st •of April following, after the company had refused to pay the loss; and the court held that the policy took effect by relation from the day of its date, which was the day the premium was paid and the contract concluded; that it was the manifest intent'of the parties that the contract should operate from its date, so as to give the plaintiff the same legal remedy which he would have had if the policy had been then delivered; that the agent pursued his authority in delivering the policy after the loss, and that the delivery bound the defendants.
 

 In the case of
 
 The City of Davenport
 
 v.
 
 The Peoria Marine and Fire Insurance Company,
 

 ‡
 

 the power of an agent-to issue a policy after a loss, pursuant to his agreement, was very fully and ably considered with refere nee to the principal decisions on the subject. There the agreement for insurance was made between the parties by their agents on the 20th of March; on the night of the same day the property was destroyed by fire; on -the following moruiug the policy was executed and delivered in accordance with the agreement, . both parties at the time being ignorant of the loss. The court held that the policy was valid and binding; that the doctrine that an act done at one time may fake effect as of a
 
 *571
 
 prior time, by relation back, was applicable to contracts of insurance; that the agreement to insure \vas the principal act, and that the formal execution of the policy might be concurrent therewith, or subsequent thereto, and when subsequent, and made as of the date of the principal act, took effect by relation as of that date.
 

 Numerous other authorities to the same purport were cited on the argument, but we do not deem it necessary to pursue .the subject further. We see no error in the ruling of the court below, and its judgment must, therefore, be affirmed; and it is so ordered.
 

 JüD&MENT AFFIRMED.
 

 *
 

 Constant
 
 v.
 
 The Insurance Company, 3 Wallace C. C. 316.
 

 *
 

 The Security Fire Insurance Co. of New York
 
 v.
 
 The Kentucky Marine and Eire Insurance Co., 7 Bush, 81.
 

 *
 

 1 Washington’s Circuit Court, 93.
 

 *
 

 See also Sheldon
 
 v.
 
 Connecticut Mutual Insurance Co., 25 Connecticut, 207.
 

 †
 

 23 Wendell, 18.
 

 ‡
 

 17 Iowa, 277.