## INSURANCE COMPANY *v.* McCAIN.

1 An insurance company cannot hold out a person as its agent, and then disavow responsibility for his acts. Persons dealing with him in the particular business for which he was appointed have a right to rely upon the continuance of his authority, until in some way informed of its revocation.

2. Unless instructions limiting the authority of a general agent of an insurance company, whose powers would otherwise be coextensive with the business intrusted to him, are communicated to the party with whom he deals, the company is bound to the same extent as though such special instructions had not been given.

3. The receipt, without objection, by an insurance company of a statement from a person who had been acting as its agent, that the premium for the renewal of a policy had been paid to him, and its failure then to notify the assured that the powers of the agent had terminated, is equivalent to an adoption of the act of the agent, and estops the company, when sued on the policy, from denying his authority.

ERROR to the Circuit Court of the United States for the Southern District of Alabama.

This was an action on a policy of insurance issued by the Southern Life Insurance Company, a corporation created by the laws of Tennessee, upon the life of Adam S. McCain, commencing on the tenth day of December, 1868. The insurance was for the sum of $5,000, and was effected by the wife of the insured, for the sole use of herself and children. The policy was received from an agent of the company, one B. F. Smith, who was appointed to solicit applications for policies and collect premiums for a district of country embracing a part of Mississippi and also a part of Alabama, in which the insured resided. To him the first premium was paid. The second premium, due on the 10th of December, 1869, was paid on the 5th, of that month, to his sub-agent, who, before the 10th, handed him the amount, and it was credited in his account rendered to the company in April following. The account disclosed the fact that the amount was received upon the policy in question. After its receipt, no communication was made by the company to the assured that Smith was not its agent at the time of the payment, nor was any objection made to the sufficiency of the payment. The insured died in June, 1870, and this action was commenced in January, 1873, in a State court, and, on application of the defendant, was transferred to the Circuit Court of

the United States. The proper preliminary proof of the death of the insured was made, and the case turned upon the sufficiency of the second payment.

The company, in its defence, denied the authority of Smith to receive the premium, contending that his agency had previously ceased, under the rules and regulations of the company, by his accepting the agency of another insurance company ; and, further, that its agents were only empowered to collect renewal premiums upon special receipts, sent out from the office of the company for each case, signed by its president and secretary, and countersigned by the agent. The evidence established the existence of such regulations, and tended to show that the agent had resigned his agency previous to the 1st of December. It appeared also that no renewal receipt, signed as required, was given in the case. But the court held, and in substance instructed the jury, that if Smith was the general agent of the company, and as such had authority to bind the company by a receipt of the renewal premium before the tenth day of December, 1869, a payment to him was sufficient, unless previously to such payment the assured had notice that the agent's authority had been revoked; and that though, as a general rule, a person dealing with an agent must inquire into his authority, yet that the powers of an agent were *prima facie* coextensive with the business intrusted to his care, and would not be narrowed by limitations from his principal not communicated to the person with whom he dealt; and that, unless the assured was informed that a payment would not be good in the absence of a particular form of receipt, a payment by him within the time prescribed by the policy was sufficient, though a different form of receipt was used.

The court also held, and instructed the jury, in substance, that if the company received, in April, 1870, a statement of the agent Smith, showing a receipt by him of the renewal premium payable on the 10th of December, and the company did not notify the assured, who lived more than a month afterwards, that it repudiated the transaction, it would be a fraud on its part to repudiate the payment after his death, and that the payment would bind the company. The jury found a verdict for the plaintiff, upon which judgment was entered;

and the insurance company brought the case here on writ of error.

*Mr. John D. McPherson* for the plaintiff in error.

*Mr. P. Phillips, contra.*

MR. JUSTICE FIELD, after stating the facts of the case, delivered the opinion of the court.

The law embraced by the instructions to the jury is clearly and correctly stated. No company can be allowed to hold out another as its agent, and then disavow responsibility for his acts. After it has appointed an agent in a particular business, parties dealing with him in that business have a right to rely upon the continuance of his authority, until in some way informed of its revocation. The authorities to this effect are numerous, and will be found cited in the treatises of Paley and Story on Agency.

The law is equally plain, that special instructions limiting the authority of a general agent, whose powers would otherwise be coextensive with the business intrusted to him, must be communicated to the party with whom he deals, or the principal will be bound to the same extent as though such special instructions were not given. Were the law otherwise, the door would be open to the commission of gross frauds. Good faith requires that the principal should be held by the acts of one whom he has publicly clothed with apparent authority to bind him. Story, Agency, sects. 126, 127, and cases there cited.

The law on the silence of the company, after receiving the statement of the agent that the premium had been paid, is also free from doubt. Silence then was equivalent to an adoption of the act of the agent, and closed the mouth of the company ever afterwards. It does not appear that the company ever objected to the payment of the premium to him until after the death of the insured. It was then too late. As pertinently said by counsel, the company cannot be permitted to occupy the vantage ground of retaining the premium if the party continued in life, and repudiating it if he died.

*Judgment affirmed.*