## BAXTER *v.* HARTFORD FIRE INS. Co.[*]

*(Circuit Court, D. Indiana. June 24, 1882.)*

### INSURANCE—ELEVATORS—INSURABLE INTEREST—GRAIN THEREIN.

A commission merchant engaged in the business of buying and selling grain, and in connection with such business owning and operating an elevator in the usual way, has such an interest in the grain deposited in his elevator by others as to authorize him to insure it for its full value; and this is so, although the contract between him and the depositors of the grain stipulates that the grain in store is subject to his charges, and that fire is at the owner's risk.

*David Turpie,* for plaintiffs.

*Harris & Calkins,* for defendants.

GRESHAM, D. J. This is a suit on a fire policy issued by the defendant to the plaintiffs on grain, seeds, and sacks, their own, or held by them in trust or on commission, or sold but not delivered, contained in their elevator at Rochester, Indiana. The elevator and its contents were destroyed by fire. As to 2,238 bushels of wheat in the elevator at the time of the fire, it is averred in the third paragraph of the answer that this wheat was delivered to the plaintiffs by farmers after the insurance was taken, every one of whom, at the time of such delivery, received and accepted from the plaintiffs a written instrument or contract, specifying and describing the amount and character of wheat by him delivered, and concluding as follows: "Wheat in store subject to our charges. Fire at owner's risk." It is also averred that it was not the intention of those depositing the wheat, or the plaintiffs, that it should be covered by the policy sued on, and that at the time of the fire the plaintiffs had in the elevator wheat of their own. These facts are pleaded against a recovery for more than the plaintiff's lien for charges on the 2,238 bushels of wheat.

The plaintiffs demur to the third paragraph of the answer.

*Reported by Charles H. McCarer, Asst. U. S. Atty.

It is urged by the defendant's counsel that the wheat described in the paragraph demurred to was held on deposit, under an agreement between the depositors and the plaintiffs that it was not to be insured, and that therefore the plaintiffs, who were bailees, had no authority to put it under their policy and charge the depositors for insurance. The plaintiffs were commission merchants, engaged in buying and selling grain, and in connection with their business they owned and operated an elevator in the usual way. Those who deposited wheat in this elevator took receipts for the same, knowing that it could never be distinguished from the mass with which it was mingled, and that the plaintiffs could and would sell and ship it as their own in the course of their business. It is not claimed that this 2,238 bushels of wheat was to be kept separate from other wheat in the elevator of the same grade. The title to this and other wheat deposited in the elevator as it was, remained in the depositors, or it passed to the plaintiffs. The contract between the plaintiffs and the depositors was, not that the latter should on demand receive the identical wheat stored in the elevator, but that the plaintiffs should deliver wheat equal in amount and grade to that deposited, or account for its value. Being authorized to sell the wheat on their own account as fast as it was deposited in the elevator, I think the plaintiffs had such an interest in it as authorized them to insure it for its full value. They were under no obligation to return the identical wheat stored in their elevator, and no one expected them to do so. *Carlisle* v. *Wallace,* 12 Ind. 252; *Johnson* v. *Brown,* 36 Iowa, 200.

But, on the theory that the title to the wheat described in the paragraph demurred to remained in the depositors, and that they took the risk of loss by fire, under their contract with the plaintiffs, still the latter were liable for its value if fire should result from carelessness on the part of their employes, and they had a right to protect themselves from this liability by insuring the wheat for its full value; and, further, if this wheat remained the property of the depositors, as bailors, there was nothing in their contract with the plaintiffs which prohibited them, as bailees, from insuring it for its full value. The defendant was not a party to these agreements. It is true, there is an averment in the paragraph demurred to, that it was not the intention of the depositors or the plaintiffs that the wheat should be covered by the policy sued on; but that is only the pleader's construction of the instruments or contracts which the depositors received from the plaintiffs.

Demurrer sustained.