GENERAL ACC., FIRE & LIFE ASSUR. CORP., Limited, v. PACIFIC COAST CASUALTY CO.

(Circuit Court of Appeals, Second Circuit. December 11, 1917.)

No. 60.

1. INSURANCE ⊜686—CONTRACTS—CONSTRUCTION.

Defendant agreed by a contract of reinsurance to assume all risks outstanding which plaintiff had underwritten, the contract providing that plaintiff immediately upon receipt should deliver to defendant at its office in New York all notices, summons, or other processes and any and all communications that it might receive from or on behalf of any of its policy holders in any way arising from or relating to accidents covered by its contracts of insurance. Plaintiff had underwritten a liability insurance to one S. under which a loss occurred. S. was sued, and his son inclosed the summons in a postpaid envelope addressed to plaintiff at its office in New York, which office at that time had been abandoned. The action went against S., and he recovered against plaintiff. *Held* that, in an action by plaintiff against defendant on its contract of reinsurance, defendant's liability was in the first instance absolute, and plaintiff was not in the first instance bound to show that it transmitted the summons to defendant, but defendant was bound to show that plaintiff received the same and failed to transmit it.

2. INSURANCE ⊜686—ACTIONS—PRESUMPTIONS.

In such case the fact that judgment was recovered against plaintiff does not, in the absence of evidence, warrant an assumption that S., the insured, served summons on plaintiff.

⊜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

3. EVIDENCE ⊙⇒71—PRESUMPTIONS—RECEIPT.

In such case, as plaintiff's office in New York had been abandoned before the summons was mailed, the presumption of receipt arising from the posting of the letter is destroyed.

4. INSURANCE ⊙⇒626—ATTORNEY'S AUTHORITY—RECEIPT OF SUMMONS.

In such case attorneys for plaintiff particularly retained for each case had no authority to receive such summons on plaintiff's behalf.

5. INSURANCE ⊙⇒686—ACTIONS—EVIDENCE—SUFFICIENCY.

In such case evidence *held* insufficient to establish that an attorney who actually received the summons was authorized to receive the same on behalf of plaintiff.

6. INSURANCE ⊙⇒686—ADMISSIONS—EXTENT.

In an action on a contract of reinsurance, admission that plaintiff, the original insurer, paid a judgment recovered against it by the insured, does not warrant recovery by plaintiff of expenses of defending action by the insured; the admission not extending to that item.

In Error to the District Court of the United States for the Eastern District of New York.

Action by the Pacific Coast Casualty Company against the General Accident, Fire & Life Assurance Corporation, Limited. There was a judgment for plaintiff, and defendant brings error. Affirmed.

Writ of error to the District Court, Southern District of New York (Mayer, J., presiding), upon a judgment entered for the plaintiff upon a verdict directed by the court at the close of the evidence.

The action was to recover upon a contract of reinsurance made between the parties under which the defendant agreed to assume all the risks outstanding on January 15, 1912, which the plaintiff had underwritten. The ninth article of the contract upon which the case turned was, so far as relevant, as follows: "The Pacific Coast [the plaintiff] agrees immediately upon their receipt to deliver to the General Accident [the defendant], at its office in the city of New York, all notices, summons, or other processes and any and all communication whatsoever that it may receive from or on behalf of any of its said policy holders in any way arising from or relating to accidents occurring after 12 o'clock noon on the 15th day of January, 1912."

Before January 15, 1912, the plaintiff had underwritten a liability insurance to one Adolph Schlessinger, under which after January 15, 1912, a loss occurred. Schlessinger was the landlord of a building in which a tenant was injured, and the tenant served him with two summonses in the City Court of New York about November 23, 1912. Schlessinger's son inclosed these summonses in a postpaid envelope and posted them to the plaintiff addressed to its office at 95 William street in the city of New York, which was the last office maintained by it in that city. The plaintiff had meanwhile discontinued its business in New York and abandoned the office before November 23, 1912.

The tenant recovered a judgment against Schlessinger, which he paid. Thereafter he sued both the parties hereto upon the liability insurance policy and recovered judgment against the plaintiff, having discontinued against the defendant. The plaintiff, having paid the judgment, brought this action to recover under the contract of reinsurance mentioned above.

The plaintiff proved the recovery of Schlessinger's judgment against itself and its payment of the same, the contract of reinsurance, and the policy issued by it to Schlessinger. It then rested, and the defendant moved to dismiss. Upon denial of this motion the defendant proved the mailing of the summonses to the plaintiff as above set forth and called two attorneys at law, members of the firm of Tuttle & Coughlan, who had customarily represented the plaintiff in the defense of litigation brought against it, and who were designated under the insurance law of the state of New York as persons to

⊙⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

whom all process should be sent which should be served upon the superintendent of insurance in that state. Upon the examination of Tuttle it appeared that he had not received the summonses, though he had received other mail of the plaintiff to some extent during the months of October and November, 1912. The firm of Tuttle & Coughlan had been dissolved before November 23, 1912, but Coughlan received the summonses at some time not disclosed.

No evidence was produced to show that the plaintiff had directed the post office to send mail to. Tuttle & Coughlan except the following:

"Q. Mr. Tuttle, do you know whether or not or did you ever direct the post office authorities in this building that any mail addressed to the Pacific Coast Casualty Company should be forwarded, and, if so, where and to whom?

"Mr. Combs: Was this order in writing?

"The Court: Was it in writing Mr. Tuttle?

"The Witness: I never gave any order to the post office authorities to send any mail forward.

"Q. Do you know of any such order?

"Mr. Combs: I object to that.

"The Court: Mr. Tuttle is a lawyer. Do you now of any such order of your own knowledge?

"The Witness: Yes; in the former case in the Supreme Court there were two orders in evidence sent by the Pacific Coast Company to the post office authorities."

This testimony was not objected to or stricken out.

The defendant asked several questions of Tuttle and of Coughlan, all incompetent in form, designed to show that the plaintiff had authorized the firm of Tuttle & Coughlan to receive its mail, but these were excluded. It also tried to prove that it had not received the summonses, but this, too, was excluded because of the failure of proof that the plaintiff had ever received them.

Alfred W. Meldon, of New York City (Wendell P. Barker and Albert J. Hiers, both of New York City, of counsel), for plaintiff in error.

Daniel Combs, of New York City, for defendant in error.

Before ROGERS and HOUGH, Circuit Judges, and LEARNED HAND, District Judge.

LEARNED HAND, District Judge (after stating the facts as above). [1] The correctness of the ruling below turns upon whether it was a part of the plaintiff's case to show that it had not received the summonses or whether that burden lay on the defendant. If it was upon the plaintiff, the evidence does not prove that it did not receive the summonses; but if it lay with the defendant, it, too, has failed, as we shall show later. The general rule reenforced by later decisions is, of course, to construe all performance due from the plaintiff and prior in time to the defendant's performance as a condition precedent to the latter's obligation. However, the plaintiff's performance here was to send on to the defendant all notices or process which it might receive. That obligation was contingent upon its own receipt of such documents, and in the absence of their receipt it was under no obligation, and there was no condition precedent. The plaintiff does not therefore approach the cause suing upon a conditional obligation; on the contrary, the defendant's obligation is prima facie absolute. It is only when the plaintiff's cross obligation, itself conditional, has been shown. to be absolute that its performance can become a condition upon the defendant's obligation.

Hence the proper course of proof is for the plaintiff to prove the

contract and the breach and rest. Then the defendant must prove that the condition upon the plaintiff's obligation arose so that it became absolute. We need not go further and hold that the plaintiff must then prove its performance in order to avoid the effect of the condition upon the defendant's obligation. It is enough here that there was no unconditional condition upon the defendant's obligation.

[2] Nor is the point good that the recovery of the plaintiff in the action of Schlessinger v. Pacific Coast Insurance Company presupposed that the defendant there had received the summonses in the actions of the tenant against Schlessinger. How that point was dealt with on that trial we do not know, even supposing, and we do not mean so to hold, that every fact necessary to a recovery there is established by estoppel against the plaintiff here. We need not assume, however, that in that case Schlessinger proved the receipt by the plaintiff here of the summonses.

[3-5] We therefore come to the question whether the defendant showed that the plaintiff had received the summonses. The only evidence is that, when Schlessinger sent the letter, the office of the plaintiff had been abandoned. Tuttle says that he does not know the exact date, but he thinks it was before November 23, 1912. This disposes of the presumption arising from the posting of the letter.

The only thing that remains is whether Coughlan, who in some way received the summonses, was then authorized to receive them by the plaintiff. Of course, as a member of the firm of Tuttle & Coughlan, even if it had not then been dissolved, he would not have been so authorized. These gentlemen were merely attorneys at law who were particularly retained for each case.

It seems to us that the sole ground for assuming that Coughlan was so authorized appears in the passage recited above in the statement of facts. In fact, the two orders which Tuttle speaks of may have been actually signed by the plaintiff, and Coughlan may have got the summonses as agent for the plaintiff, but we have no proof of it. Assuming that the proof, which was admitted without objection, stands for what it says, it can hardly serve in place of proof that the orders emanated from the plaintiff. It is perfectly clear that the defendant did not so regard it. Thus in the colloquy between the court and Mr. McDonnell the court said:

"You have not here any proof that instructions were given to the post office authorities to forward mail."

He answered:

"No; but I have proof here that I mailed a letter to your last-known address."

We think that the defendant failed to show that the plaintiff ever received the summonses, and that the direction of a verdict for the plaintiff was right. None of the exceptions to the exclusion of evidence seem to us to affect the result. Without the necessary keystone to the defense, nothing could support it.

[6] The proof as to the amount of the verdict was vague. All that the defendant admitted was that the plaintiff had paid the judgment.

We cannot find any proof of the amount of the plaintiff's expenses in defending the Schlessinger action, and we do not think the admission covered it. For this reason the plaintiff must abate from the judgment $106.68, with interest, or the judgment must be reversed. If it does, judgment affirmed, with costs.