CARSON et al. v. HOME FIRE & MARINE INS. CO.

No. 5673.

Circuit Court of Appeals, Fifth Circuit.
March 24, 1930.

N. B. K. Pettingill, of Tampa, Fla. (Cook, Blanchard & Hoffman, of St. Petersburg, Fla., and Macfarlane, Pettingill, Macfarlane & Fowler, of Tampa, Fla., on the brief), for appellants.

John B. Sutton and H. C. Tillman, both of Tampa, Fla., for appellee.

Before BRYAN and FOSTER, Circuit Judges, and SIBLEY, District Judge.

BRYAN, Circuit Judge.

This is an appeal from a final decree dismissing on motion a bill to reform a fire insurance policy on the ground of mutual mistake.

The case stated by the bill is this: Appellants were building contractors. On February 1, 1926, they gave instructions to appellee's agent, at his solicitation, to issue to them a construction or builder's risk policy of fire insurance on a two-story dwelling and a garage which they were erecting under contract with the owner. The insurance agent had previously issued to appellants a number of policies of builder's risk insurance and knew that they were building contractors and were not the owners of the lot on which they were erecting the buildings in question. He promised to comply with their instructions and delivered to them a policy of fire insurance dated the same day. They paid the insurance premium and placed the policy in their safe without examining or reading it, because of their confidence and belief that it had been correctly made out, as had been all previous policies which the agent had issued to them. Appellee's agent intended to comply with the instructions of appellants to issue a construction or builder's risk policy, but by mistake of an employee in his office, the policy actually issued described the dwelling as a one-story building, did not correctly describe the lot on which the dwelling and garage were being constructed, insured appellants as owners of buildings under construction, and contained clauses which provided that it should be void "if the interest of the insured be not truly stated herein, * * * [or] unless otherwise provided by agreement indorsed hereon, * * * be other than unconditional and sole ownership." The policy as issued was for a term of three years, and insured the buildings described in it while they were in course of construction. Before the buildings were completed, the dwelling was destroyed, and the garage damaged by fire. Appellants did not submit formal proof of loss within the sixty-day period required by the policy, but within that period appellee denied liability, and advised appellants that because of errors and inaccuracies contained in the policy it would refuse to pay the loss, or any part thereof.

There can be no doubt that a court of equity has the power to reform a contract on the ground of mutual mistake. 23 R. C. L. 327. The bill of complaint alleges that the mistakes which it seeks to correct were mutual. There is nothing in the nature of the mistakes alleged which it would be inequitable to correct. And it is necessary, before appellants can sue on the policy, to have it reformed, at least as to the clauses which describe them as owners instead of building contractors, and provide that the policy shall be void if their interest be not truly stated therein, or be other than unconditional and sole ownership. It is a misconception of the object of the bill to say that these clauses cannot be changed except by a written indorsement. The very purpose of the suit is to change the terms of the policy in such sort as to make them conform to the intention of the parties.

It is argued that the failure of appellants to examine the policy when it was delivered, or to discover the mistakes complained of until after loss, constitutes such negligence as to defeat recovery. Fire insurance policies are made out on standard forms and are full of technical terms which the insured rarely understands. The insured is bound to accept the policy as it is printed,

52

and he is, therefore, not held to the same degree of care in respect of reading and examining it as he is in the case of an ordinary contract that he can reject or have changed to meet his demands. 23 R. C. L. 351.

It is argued that it would be a futile thing to reform the policy in question, because appellants admittedly cannot show compliance with the requirement to make proof of loss within sixty days after the date of the fire. A complete answer to that argument is the alleged refusal within that time of appellee to pay the loss. The effect of such refusal was to waive proof of loss. Royal Insurance Co. v. Martin, 192 U. S. 149, 162, 24 S. Ct. 247, 48 L. Ed. 385.

The decree is reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.