## LIVERPOOL & LONDON & GLOBE INS. CO. v. CROSBY.

## FIDELITY–PHENIX FIRE INS. CO. v. SAME.

### Nos. 6941, 6942.

Circuit Court of Appeals, Sixth Circuit.

May 13, 1936.

G. T. Fitzhugh, of Memphis, Tenn., and Burke G. Slaymaker, of Indianapolis, Ind. (Fitzhugh, Murrah & Fitzhugh, of Memphis, Tenn., and Slaymaker, Merrell & Locke, of Indianapolis, Ind., on the brief), for appellants.

R. Lee Bartels and John W. Loch, both of Memphis, Tenn. (Canale, Glankler, Loch & Little, of Memphis, Tenn., on the brief), for appellee.

Before MOORMAN, HICKS, and ALLEN, Circuit Judges.

MOORMAN, Circuit Judge.

The appellee was appointed receiver for Reed & Duecker, Inc., under a creditors' bill. There came into his possession as receiver a quantity of wire rope belonging to John A. Roebling's Sons Company. Continuing to operate the business of the firm, he entered into an agreement with the Roebling Company to handle its rope, then on hand and thereafter to be shipped, on consignment. He was to be paid for his services on a commission basis, and he agreed to insure the rope against loss or damage by fire. Pursuant to this agreement he entered into contracts of insurance with the agent of appellants, and the policies here in controversy were issued to him. As issued they did not cover the Roebling Company's rope. Later a fire occurred, damaging the rope, and thereafter the appellee brought these suits to reform the policies in respect to their coverage,

648

and to recover the damage done to the rope. The bills alleged agreements between the appellee and appellants for fire insurance on the property in the custody of appellee as receiver, and the failure through inadvertence or mistake to include in the policies as issued coverage for the rope belonging to Roebling's Sons Company. Answers were filed by appellants denying the averments of the bills on which the reformations were sought. After hearing proofs the court made findings of fact on which it entered a decree reforming the policies by inserting into them clauses describing the property insured as including the rope of Roebling's Sons Company and awarding to appellee the value thereof under the reformed policies.

■ The appellants attack the decree on numerous grounds, among them lack of supporting allegations and proofs. It is argued that the reformations sought in the bills were limited to amending the written contracts to include insurance to cover the legal liability of the appellee for loss or damage by fire to property in his possession, and as there were no allegations of liability on the part of appellee to Roebling's Sons Company for loss of the rope, there was no basis for reforming the policies to cover it and no justification for awarding appellee its insured value. We think the bills as amended sufficiently allege an agreement to insure the property held by appellee on consignment, including the rope belonging to Roebling's Sons Company. We are also of opinion that the proofs required a finding that the real contracts between the parties provided that the insurance should cover the rope, and that by mutual mistake the policies as issued did not include this obligation. The evidence leaves no room for doubt as to the mistake or inadvertence through which the coverage was omitted from the policies. The appellee testified that he told the agent of appellants that the rope belonged to Roebling's Sons Company, and that he wished to have it insured. The agent said that he agreed to insure it, but by inadvertence or oversight it was not included in the policies. No question is raised as to the agent's authority to represent the appellants or as to their acceptance of his acts as binding on them. We regard his authority as settled and conclude, with the trial court, that the contracts included insurance for the rope.

■■ Appellants also rely on laches on the part of the appellee and a provision in the policies of sole and unconditional ownership, contending as to the first that, having kept the policies in his possession for several months with full opportunity to read them, and not having discovered the mistake in that time, the appellee is now barred from seeking reformation. One of the policies was held by the appellee for ten months before he discovered the mistake; the others were held for shorter periods. We cannot say from these circumstances standing alone that he was guilty of such laches as amounts to an equitable estoppel. Nothing appears in the proofs to show that the appellants were prejudiced by the failure to make the discovery. The policies were paid for, so far as the proofs show, on the basis of a coverage including the rope. Laches may be available as a defense to an action for affirmative relief where it appears that the evidence on which a valid defense might be established has been lost or become stale, or that the person asserting the laches has been otherwise prejudiced by the fault or delay; but here there is no suggestion of prejudice to appellants by reason of the appellee's failure to discover the mistake earlier, nothing to show that the appellants would have canceled the policies and returned the unearned premiums, or that they have been prevented from making any defense to suits on the policies that they could have made had the mistakes been discovered when the policies were delivered or before the loss occurred. There is no reason, therefore, for holding that the appellee is estopped from claiming reformation. Kelsey v. Agricultural Ins. Co., 78 N.J.Eq. 378, 79 A. 539; Pond Creek Coal Co. v. Hatfield, 239 F. 622 (C.C.A.6); Carson v. Home Fire & Marine Ins. Co., 39 F.(2d) 50 (C.C.A.5); Home Ins. Co. v. Sullivan Mach. Co., 64 F.(2d) 765 (C.C.A. 10).

■ The sole and unconditional ownership clauses would defeat a recovery, did the policies as issued constitute the contracts between the parties, but, as alleged in the bills, shown by the proofs, and found by the court, they did not set forth the true contracts. One of the purposes of the suits was to reform the contracts so as to make them conform to the real agreements, which agreements, by mistake and inadvertence, were not incorporated into the written instruments. The court found, rightly we think, that the contracts as made included insurance for the rope belonging to Roebling's Sons Company and by decree inserted clauses to that effect into the policies.

These clauses, having been found to be parts of the contracts as made, must be accepted as superseding other clauses inconsistent with them printed in the policies.

■ It does not affect the appellee's right of recovery that he was not expressly authorized by the court appointing him receiver to make a contract with Roebling's Sons Company. He did in fact make the contract, and the agent, representing the appellants, knew he had made it and agreed to insure the rope. It is likewise immaterial that the appellee did not own the rope or that the estate of Reed & Duecker has not suffered a loss. While it is true that a contract of insurance is generally regarded as one of indemnity, it is equally true that the appellee was holding the goods on consignment, as bailee. Whether he was bailee as receiver or in his individual capacity is not important, since, having agreed to insure the property, he was liable to the owner, Roebling's Sons Company, for its destruction by fire. Lancaster Mills v. Merchants' Cotton-Press Co., 89 Tenn. 1, 14 S. W. 317, 24 Am.St.Rep. 586; Deming & Co. v. Merchants' Cotton-Press & Storage Co., 90 Tenn. 306, 17 S.W. 89, 13 L.R.A. 518. Being a bailee, and having insured the rope as he had agreed, he may recover the loss. Baxter v. Hartford Fire Ins. Co. (C.C.) 12 F. 481; Munich Assur. Co. v. Dodwell & Co. (C.C.A.) 128 F. 410; Home Insurance Co. v. Baltimore Warehouse Co., 93 U.S. 527, 23 L.Ed. 868.

The decree is affirmed.