## KANSAS CITY LIFE INS. CO. v. COX.
### No. 7803.

Circuit Court of Appeals, Sixth Circuit.
June 6, 1939.

Joseph Martin, of Nashville, Tenn. (J. M. Peebles, Douglas Henry, and G. Henry Tyne, all of Nashville, Tenn., on the brief), for appellant.

Cecil Sims, of Nashville, Tenn. (R. E. Dotson, of Pulaski, Tenn., on the brief), for appellee.

Before HICKS, SIMONS, and HAMILTON, Circuit Judges.

HAMILTON, Circuit Judge.

This suit is brought to reform a life insurance policy and enforce it for the benefit of the appellee, Memory Townsend Cox.

On March 16, 1934, L. E. Cowden, a licensed agent of the appellant, Kansas City Life Insurance Company, in Tennessee but not in Alabama, procured from Stuart Gray Cox, deceased husband of appellee, at Athens, Alabama, his signed application for a policy of life insurance on his life in the sum of $5,000, with the appellee as beneficiary.

Cowden had defective hearing and A. L. Caughran, who accompanied him, filled in the assured's answers on part one of the application and dated it March 16, 1934. Paragraph 21 thereof provided for any special agreement as to the date of the policy and it was left blank because there was no such agreement or understanding between the soliciting agent and the assured that either the application or policy should be antedated. The assured, on March 16, 1934, gave Cowden his note for $46.30 in part payment of the first premium, which he kept and mailed part one of the application to appellant's general agent at Nashville, Tennessee, in whose office, without the knowledge or consent of assured or notice to him, the date of the application was changed from March 16, 1934, to March 12, 1934. The record does not show the date, but appellant's general agent at Nashville admits making other changes, although he did not recall this one. Part one of the application was received at the home office of appellant in Kansas City, Missouri, on March 22, 1934, but the policy was not then issued, and on May 18, 1934, Cowden procured from the assured a supplemental application which dispensed with a medical examination. This was also forwarded to the general agent at Nashville and to the appellant's home office; approved by its medical department on June 4, 1934, and the policy issued June 7, 1934, dated March 15, 1934, and registered with the Commissioner of Insurance of Missouri on June 8, 1934, as required under the state law. It was then forwarded to appellant's general agent at Nashville, Tennessee, who notified Cowden it was ready for delivery to the assured on the payment of the first premium of $148.80.

On June 16, 1934, Cowden notified the assured his policy had been issued but could not be delivered until the first annual premium was paid in full and suggested that he execute an additional note for the balance which he could discount. Before executing the last note in the amount of $98.40, balance of the premium due, the assured inquired of Cowden as to whether the policy covered him for a period of one year from the date of this note and was told by him that it did.

About June 16, 1934, Cowden discounted both notes with the Farmers Bank of Lynchburg, Tennessee. The bank mailed the policy to the assured who receipted for it on July 7, 1934, and retained it until his death, June 16, 1935. The bank remitted, out of the proceeds of the notes, $100 to the general agent of appellant at Nashville, Tennessee, and retained the balance for Cowden.

When the policy was prepared at appellant's home office, June 4, 1934, was inserted as its effective date and the anniversary date of the premium. Without assured's consent and for the purpose of establishing the premium at the age of thirty-three, these dates were later erased and the date of March 15, 1934, inserted in lieu thereof before the policy left its home office.

Assured and his family moved from Athens, Alabama, in February, 1935, to Giles County, Tennessee, where he lived until his death. Three premium notices were mailed him at Athens, Alabama, on February 15, 1935, March 23, 1935, and April 8, 1935, with appellant's return address on the envelopes, none of them being returned. On April 25, 1935, appellant

mailed to the assured at the same address, a letter notifying him that his policy had lapsed and inclosing a form of application for reinstatement. Only the first premium was paid and appellant recorded the policy lapsed on its books April 15, 1935.

Appellee called on appellant for payment which was refused. The lower court rejected all the defenses and reformed the policy to show its date of issue June 7, 1934, and its value to be $4,893.40, the amount of insurance the premium paid by assured would have purchased at the age of thirty-four, and awarded the appellee judgment in that sum.

Appellant makes the following points against the decree: first, that the evidence of mutual mistake was not clear and convincing; second, that there was no evidence of meeting of the minds of the parties upon the reformed policy; third, that the assured was guilty of laches imputable to the appellee; fourth, that the court based its decree on incompetent evidence.

Courts of equity have the power, and it is their duty, to reform insurance contracts to reflect agreements fairly and legally entered into with policyholders where, through mutual mistake, or mistake upon the part of one and inequitable conduct on the part of the other, the agreement actually entered into does not express the real contract between them.

The exercise of this power involves the change of a written instrument and for this reason should be applied only when the proof of the mutual mistake or inequitable conduct on the part of one of the parties is clear, convincing and satisfactory and leaves no reasonable doubt that the writing does not correctly embody the intention of the parties. West End Savings Bank v. Goodman, 223 Ala. 185, 135 So. 161; North Carolina Mutual Life Insurance Company v. Martin, 223 Ala. 104, 134 So. 850.

Appellant's agents testified that following the custom in its home office, without the contemporaneous consent of the assured, it predated the policy to March 15th for the purpose of having the premium calculated at age thirty-three, saving the assured $4.10 annually, and that had the policy been dated June 7th, the premium would have been calculated at age thirty-four.

The policy was antedated eighty-three days, and the assured overpaid the first premium in the amount of $32.86. It would require eight years to return, without interest, the first year's overpayment of the savings by predating.

Cowden represented to the assured that the policy was in effect for one year from June 16, 1934, and it is conceded by appellant that it was not in force until that date, and there is not a scintilla of evidence in the record that the assured, by an affirmative act, consented to its antedating. Appellant urges that because it intentionally antedated the policy, although done without the knowledge of the assured, there was no mutual mistake and that under such circumstances appellee would be entitled to rescission, not reformation.

A mutual mistake which furnishes the ground of relief in equity is one where both parties were in error regarding some material fact, this error being the inducement, or one of them, for the making of the contract. If the agents of the appellant included only those in the home office, its contention would be sound, but it is a general principle of law that field agents of an insurance company, in taking applications or delivering policies, are the agents of the company and it is bound by any representations of fact made by them to the assured which induce him to accept the policy, unless the assured by his conduct or acts estops himself to rely on the acts of the agent. Southern Life Insurance Company v. McCain, 96 U.S. 84, 86, 24 L.Ed. 653; Franklin Fire Insurance Company v. Colt, 20 Wall. 560, 568, 22 L. Ed. 423. We think the evidence reasonably requires the finding that the agreement between the assured and appellant's agent Cowden was that the policy became effective June 16, 1934, and was in effect for one year and thirty days thereafter without the payment of additional premiums.

Under Act 37 of the General Acts of Alabama, Regular Session of 1927, p. 34, the soliciting agent of an insurance company represents it in all acts within the apparent scope of his authority. McMasters v. New York Life Insurance Company, 183 U.S. 25, 42, 22 S.Ct. 10, 46 L.Ed. 64. The case of Travelers' Insurance Company v. Wolfe, 6 Cir., 78 F.2d 78, is not contrary to this rule. That was a suit at law upon an insurance policy and in such actions the policy must be taken as the final understanding of the assured and the insurance company. If, by inadver-

tence or mistake, provisions other than those intended were inserted or stipulated provisions omitted, the parties have recourse to a court of equity for a correction of the agreement, although this cannot be done at law.

The contention of the appellant is without merit that there was no meeting of minds on the contract found by the lower court to in fact exist.

An unconditional acceptance by an insurance company of an application for insurance makes it binding on both parties without the issuance or delivery of a policy, unless the application otherwise provides and when the company approves it as made and issues a policy, it manifests an intention to accept it, resulting in a meeting of the minds and the completion of a contract effective when the first premium is paid. Snell v. Insurance Company, 98 U.S. 85, 98, 25 L.Ed. 52; Columbian National Life Insurance Company v. J. Black, 10 Cir., 35 F.2d 571, 71 A.L.R. 128.

Insurance policies, unlike other contracts, do not bear the signature of the assured, and the acceptance of a policy, without noticing a mistake, will not always preclude reformation.

The failure of the assured to read his policy and thus discover a mistake as to its effective date is not such negligence as would bar an action for reformation, especially where the insurer has not been prejudiced. In the case at bar the assured could rightfully assume his policy was written as applied for and rely on representations of appellant's agent that the effective date was that of delivery. Home Insurance Company v. Sullivan Machinery Company, 10 Cir., 64 F.2d 765; McKleroy v. Dishman, 225 Ala. 131, 142 So. 41. Appellant cannot rely on its mailed notices in February, March and April, 1935, and the retention of its policies by the assured to establish laches.

Laches is not available in an action for affirmative relief unless it appears from the evidence that a valid defense has been lost or the claim of the plaintiff has become stale or the defendant has been otherwise prejudiced by the fault or delay. Liverpool & London & Globe Insurance Company v. Crosby, 6 Cir., 83 F.2d 647. In the case here, there is no showing of prejudice to appellant by reason of assured's fault or delay in discovering that the policy was antedated or his failure to take steps to have it corrected if he did discover it before his death.

Appellant's secretary testified it was the practice of the company to accept an application when approved by its medical department and use the date of actual issue of the policy unless the assured made a special request with a sufficient reason for antedating. He further testified that if the usual practice had been followed assured's policy would have been issued, dated June 4 or June 7, 1934, and at the age of thirty-four. He further testified that if the policy had been issued at the incorrect age and the mistake subsequently discovered, it would have been corrected and its face reduced to the amount of insurance the premium would have purchased at the correct age.

If the policy here in question had been dated at the time the insurer accepted the application, appellant would have had no defense, because the death of the assured occurred within its enforceable period. It, therefore, follows that the appellee is not estopped from claiming reformation. Liverpool & London & Globe Insurance Company v. Crosby, supra.

Before there arises a presumption of fact that the addressee of a letter has received it, it must first be proved that it was properly addressed, but no such presumption arises unless it appears that the person to whom sent resided at the place to which it was mailed. The evidence conclusively shows that assured had moved from the address given in his application and there being no evidence he left a forwarding address, the presumption of receipt arising from the posting of the notices and letters is destroyed. Henderson v. Carbondale Coal & Coke Company, 140 U.S. 25, 40, 11 S.Ct. 691, 35 L. Ed. 332; General Accident Fire & Life Assurance Corporation v. Pacific Coast Casualty Company, 2 Cir., 247 F. 416.

The case of McConnell v. Provident Savings Life Assurance Society, 6 Cir., 92 F. 769 urged by the appellant as conclusive of the question here, is distinguishable on its facts. In that case the assured signed the second part of the application on April 27th and submitted to a medical examination. The questions in it were answered in the handwriting of the physician. The second part of the application was filled in by assured and returned to the general agent on April 29th. The applica-

tion was then forwarded to the home office. The assured paid one quarterly premium on May 9th and received, without protest, the policy issued on that date but predated April 27th. The next quarterly premium was due on July 27th but not paid, although two notices were sent, one of which was received. On July 27th McConnell was severely injured in a railroad accident from which he died the next day.

The contention was made that the policy should have been dated May 9th, when actually issued by the company, and the time for subsequent payments of premiums fixed with reference thereto, and, because there was no insurance upon McConnell's life until May 9th or 10th when the policy was delivered to him, he paid $20 for two months' insurance instead of three. The contention was also made that the policy was dated April 27th by mutual mistake, the intention being to date it at least two days later. There was no contention that the agent had made any misstatement as to when the policy would be dated or that any assurances were given as to the time the insurance went into effect. There was no evidence that assured labored under any mistake as to the effective date or that he was in any way misled. The sole ground for reformation was that the insurance was not in force until the policy was issued, delivered and the premium paid. Its terms were to be construed under the New York law which had a statute providing that the affidavit of an officer, or anyone authorized to mail such notice, that same had been placed in the mail was presumptive evidence that such notice had been received.

 It is essential that courts follow previous authorities so long as they lay down principles but when a previous case merely decides that a particular set of facts illustrates an existing rule it may be useful for edification but can rarely yield authoritative guidance. Sinclair v. United States, 279 U.S. 749, 767, 49 S.Ct. 471, 73 L.Ed. 938, 63 A.L.R. 1258.

It is a fundamental rule that instruments may be reformed on the ground of mutual mistake contemporaneously made and shown by parol evidence of what the parties intended to embody in their written contracts. Appellant falls into error in insisting that confusion and uncertainty would be occasioned by permitting the introduction of parol evidence to modify written contracts. In suits to reform such contracts on the ground of mutual mistake, parol evidence is always admissible to establish it, that the court may correct the contract to conform to the actual agreement. While this rule is an exception to the salutary one of law prohibiting the admission of parol evidence to vary a written contract, if it did not exist, the cases would be rare where a court of equity could relieve parties against fraud or mistake of which they were innocent victims. Ivinson v. Hutton, 98 U.S. 79, 85, 25 L.Ed. 66; Walden v. Skinner, 101 U.S. 577, 583, 25 L.Ed. 963. The case of Sellars v. Continental Life Insurance Company, 4 Cir., 30 F.2d 42, relied on by appellant as authority for the exclusion of parol testimony is not in point. That was an action at law, which did not involve reformation and its facts are dissimilar to those here.

Parol evidence of the statement by appellant's agent at the time he received the premium note as to the duration of the policy was clearly competent. There is no error and the decree of the District Court is affirmed.