MARYLAND CASUALTY COMPANY *v.* LITTLE ROCK RAILWAY & ELECTRIC COMPANY.

Opinion delivered November 22, 1909.

1. INDEMNITY INSURANCE—CONSTRUCTION OF POLICY.—Where an insurance company undertook to insure an electric light company from liability for damages on account of bodily injuries accidentally suffered by its employees while on duty, and such company had at the time the policy was issued no power house and no employees in engine and boiler rooms, upon a subsequent sale of such lighting business a transfer of the policy will not be held to extend its terms to cover employees of the transferee engaged in engine and boiler rooms. (Page 309.)

2. SAME—ASSIGNMENT OF POLICY—EFFECT.—A transfer of a policy of casualty insurance insuring an employer against liability to its employees will not be held to extend its terms to cover a class of employees that was not included in the policy at the time of its execution. (Page 309.)

3. SAME—EXTENSION OF TERMS OF POLICY.—Payment by the insured employer of an additional premium for a casualty policy, made on account of a report of the wages of a class of employees not covered by the policy, being made under a mistake of law, will not extend the terms of the policy. (Page 309.)

4. PAYMENTS—RECOVERY.—A voluntary payment of an additional premium on a casualty policy in excess of what was due, made under a mistake of law, can not be recovered. (Page 309.)

Appeal from Pulaski Circuit Court, Second Division; *Edward W. Winfield,* Judge; affirmed.

*Murphy, Coleman & Lewis,* and *Downie, Rouse & Streepey,* for appellant.

1. Appellee by its action in demanding indemnity for injuries coming within the time it now claims it was not protected, and at a time when there was no dispute between the parties, will not now be permitted to change front and say it was not protected after March 3, 1903. 106 S. W. (Mo.) 561, 567; 20 Cent. Dig. § 2129.

2. The policy covered all of the employees of the power company all of the year and the boiler and engine room employees of the railway company from March 3 to December 28, 1903. 100 Fed. 604, 607.

3. Wherever a class of employees is embraced under the terms of a policy of insurance, all must necessarily be included,

since it would be impossible to tell which particular part of the *class* was being protected. 118 S. W. (Ky.) 370.

*Rose, Hemingway, Cantrell & Loughborough,* for appellee.

HART, J. The plaintiff, Maryland Casualty Company, brought suit against the defendant, Little Rock Railway & Electric Company, to recover an additional premium alleged to be due on a policy of casualty insurance.

On the 28th day of December, 1902, plaintiff entered into a contract with the Little Rock Edison Electric Light & Power Company, a corporation organized under the laws of the State of Arkansas, whereby it agreed to indemnify said Edison Company against loss from liability for damages on account of bodily injuries accidentally suffered by its employees while on duty in any operation in connection with its business as an electric light and power company for a term of one year from the date of the policy.

The provisions of the policy with which we have to contend are as follows: Exhibit "A". The schedule attached to the policy provides that it shall cover "all operations in connection with our business as Electric Light & Power Company, Little Rock and elsewhere, in the service of the assured, including maintenance and ordinary extension of lines, including drivers, helpers and stablemen." The estimated payroll is shown to be $8,900.

The indorsement attached to the policy is as follows:

"Boston, Mass., Sept. 1, 1903.

"It is hereby understood and agreed that, all the interest of the Little Rock Edison Electric Light & Power Company having been acquired by the Little Rock Railway & Electric Company, this policy shall, on and after the above date, attach and cover in the name of said Little Rock Railway & Electric Company, ceasing to cover as originally written. Attached to and forms a part of policy No. 62,926 of the Maryland Casualty Company, of Baltimore, Md., issued to Little Rock Edison Electric Light & Power Company."

Two of the material provisions of the policy are set forth verbatim as follows:

"6.  No assignment of interest under this policy shall bind the company unless the written consent of the company is indorsed hereon by one of its officers."

"C.  The premium is based on the compensation to employees to be expended by the assured during the period of this policy.  If the compensation actually paid exceeds the sum stated in the schedule attached hereto, the assured shall pay the additional premium earned; if less than the sum stated, the company will return to the assured the unearned premium *pro rata.*"

The business of the Edison Company was furnishing electricity for light and power to the inhabitants of Little Rock and vicinity.  It had no power plant, and purchased whatever current it needed from a corporation engaged in operating a line of electric street railway in the city of Little Rock.

In March, 1903, the Edison Company and the street railway company were purchased by the Little Rock Railway & Electric Company, the defendant in this action.  After the sale the Edison Company ceased to do business, and ceased to exist after March 3, 1903.  The defendant continued the business of both companies.

A report of the payroll was made by defendant to plaintiff, which included all of the employees of the old lighting company for the entire year, and later an amended report was furnished which included in addition thereto a certain proportion of the power house and boiler room employees from March 3 to December 28, 1903.

It is the contention of the plaintiff that the policy after March 3, 1903, covered all the employees of the old lighting company and in addition all the boiler and engine room employees of the defendant company.  As above stated, this suit was brought to recover such additional premium.

The defendant filed an answer and counterclaim, in which it denied liability and asked judgment for the amount of premium accruing between the 3d of March, 1903, when the Lighting Company ceased to do business, and the 1st day of September, 1903, when the indorsement of the transfer of the policy was written on it.

The case was tried before the court sitting as a jury, and the court found "that said policy of indemnity only covered,

when transferred, that department that had been the Edison Electric Light & Power Company the same as was covered by it before the transfer, and that the wages of the men in the boiler and engine rooms were not covered by said policy; but, as the payment of the premiums on them had been voluntary after knowledge of the facts, they could not be recovered."

Judgment was rendered in accordance with the findings of the court, and both parties have appealed.

We think the decision of the court was correct. The policy provides that it shall cover "all operations in connection with our business as Electric Light & Power Company, Little Rock and elsewhere, in the service of the assured, including maintenance and ordinary extension of lines, including drivers, helpers and stablemen." That the conditions existing at the time the policy is written may be looked to in determining the extent of the risk covered is illustrated in the case of *Home Insurance Co.* v. *North Little Rock Ice & Electric Co.,* 86 Ark. 538. When the policy was issued, the Lighting Company was purchasing its current from the Electric Street Railway Company, and had no power house and consequently no employees in the engine and boiler rooms. Hence it was not contemplated by the parties that the employees engaged in such occupation should be covered by the policy. It follows that a transfer of the policy did not extend its terms, but only continued in existence the policy as it was originally written. In other words, the transfer of the policy did not extend its terms to cover a class of employees that were not included in the policy at the time of its execution. After the contract had expired, a payment of an additional premium was made on account of the report of the wages of a class of employees not covered by the terms of the policy. This act did not extend the terms of the policy. It was a voluntary payment made under a mistake of law, and as such cannot be recovered. *Ritchie* v. *Bluff City Lbr. Co.,* 86 Ark. 175.

The same may be said of the payment between March 3 and September 1, 1903. Mr. Trawick was the manager of both the Edison Company and the defendant company, and made. the payments.

The judgment will be affirmed.