## Todd, etc., v. The Travelers Insurance Company

*Frank R. Ambler*, for plaintiff.

*J. B. H. Carter*, for defendant.

WINNET, J., October 5, 1949.—The question involved in this suit is raised by the counterclaim: May an in-

surance company recover moneys paid under the mistaken belief that it was covered by the policy?

Minor plaintiff, by reason of his employment, was the insured under a certificate of insurance issued to him by defendant under a group accident and sickness policy. The suit is for $175, indemnities which plaintiff claims as a result of sickness. Liability for this claim is not seriously questioned by defendant.

Defendant's counterclaim for $260 arises out of the same policy in suit. Sometime prior to his illness, plaintiff was injured when he fell from the roof of his employer's place of business while engaged in a game of ball during a rest period. The accident occurred on November 1, 1945, and defendant paid compensation of $20 per week under the policy, beginning November 9, 1945, and continuing to February 7, 1946, or a total of $260. These payments were made by defendant under the belief that plaintiff had not suffered an accident entitling him to workmen's compensation benefits, such a risk being specifically excluded by the terms of the group policy.

On January 17, 1946, plaintiff, nevertheless, filed a petition for workmen's compensation benefits averring that the accident for which he was drawing benefits under the policy was compensable. This claim was resisted by defendant. On July 26, 1946, the referee having concluded that claimant had sustained the accident while in the course of his employment, awarded compensation to plaintiff. An appeal was taken to the Workmen's Compensation Board, which affirmed the award of the referee. Pursuant thereto defendant made the compensation payments as directed by the award. Defendant now seeks to off-set the $175, the claim of plaintiff under the policy, by its claim of $260, the amount of benefits mistakenly paid to him.

The mistake of defendant was obviously a mistake of law. It concluded, with full knowledge of the facts,

that there was liability under its policy and made payments accordingly. Money deliberately and voluntarily paid under a contract, with knowledge or means of knowledge of the material facts and without fraud or duress, even though paid under a mistake of law as to the interpretation of a contract, cannot be recovered: William Sellers & Co., Inc., v. Clarke-Harrison, Inc., et al., 354 Pa. 109.

Surprisingly enough only two cases involving insurance payments could be found. Whitehurst v. Mason et al., 140 Ga. 148, involved the liability of an insurance company which had made payments, in good faith, on an assignment of a policy later held invalid. The court held the insurance company liable, its previous payments having been made under a mistake of law. In Maryland Casualty Co. v. Little Rock Ry. and Elec. Co., 92 Ark. 306, there was a mistake as to the coverage of the policy. Plaintiff insurance company, believing that it was extended, sued for additional premiums. Defendant counterclaimed to recover premiums paid during the period it thought the policy was extended. The court ruled that the terms of the policy had not been extended but that the premiums paid were under a mistake of law and could not be recovered.

That plaintiff has been enriched at the expense of defendant cannot be disputed. Since it is clear that this enrichment was due to a mistake in law, there can be no recovery. A person who, induced thereto solely by a mistake of law, has conferred a benefit upon another to satisfy in whole or in part an honest claim of the other to the performance given, is not entitled to restitution: A. L. I. Restatement of the Law of Restitution, §45.

The court finds for plaintiff in the sum of $175, with interest from May 12, 1947. On the counterclaim the court finds for plaintiff as defendant in the counterclaim.