172 So.2d 912 (1965)
Luis Pompeio SANZ and Isadore Rosa, Appellants,
v.
RESERVE INSURANCE COMPANY OF CHICAGO, ILLINOIS, Appellee.
No. 64-600.
District Court of Appeal of Florida. Third District.
March 23, 1965.
Loewenstein & Dunn, and Thomas A. Horkan, Jr., Miami, for appellants.
Hill & Ross, Miami, for appellee.
Before BARKDULL, C.J., and TILLMAN PEARSON and HENDRY, JJ.
HENDRY, Judge.
This appeal brings up for review a final summary decree and an amended final summary decree entered by the circuit court in a suit for declaratory decree brought by the appellants.
There is no controversy as to the facts in this case. The insured vehicle was taken to a sign painter for the purpose of having the name of the business painted thereon. While the vehicle was being painted, another vehicle was used by appellants and was involved in an accident.
The only issue involved in this appeal is whether the above facts constitute "servicing" as stated in the insurance policy.
The particular provision of the insurance contract provides as follows:
"insured automobile. The term `insured automobile' means an automobile:
* * * * * *
"(2) While temporarily used as a substitute for an insured automobile as described in subparagraph (1) above, when withdrawn from normal use because of its break down, repair, servicing, loss or destruction; * * *"
The borrowed vehicle was involved in an accident resulting in imminent litigation. Whereupon the appellee-insurance company *913 declined coverage on the basis of the owned vehicle not being out of use because of servicing. The appellant-insured and his employee (driver of the vehicle) instituted this declaratory action seeking a determination of whether there was coverage. The circuit court answered this question in the negative. We find error and reverse.
It is our opinion that the trial judge adopted too narrow a construction of the word "servicing", and did not abide by the general principle that "an insurance policy must be interpreted to provide coverage whenever possible".[1]
The trial court was of the opinion that the term servicing did not include having the truck painted with the name of the appellant's business.
Appellee urges us to accept as the proper meaning of the word servicing, only those situations where the vehicle is disabled by virtue of a mechanical condition. To adopt such a meaning would defeat the plain and clear meaning of the word servicing. As we said in Goldstein v. Paul Revere Life Insurance Company, Fla.App. 1964, 164 So.2d 576, 578:
"* * * terms, should be defined and given their every day `man-on-the-street' understood meaning."
The "man-on-the-street" meaning of the word service clearly includes more than that which appellee would attribute thereto. To adopt appellee's definition would place great logical strain on the concept.
According to the appellee, if the insured vehicle were not in use by virtue of being washed or polished then it would not come within their definition of service because there was no mechanical condition involved. This definition puts great strain on the reasonable man's understanding of the term servicing. The ordinary and usual servicing of a motor vehicle clearly includes painting that vehicle. The appellee expended great time and effort in the drafting of the instant contract of insurance, and if it wanted to provide for a more inclusive definition than servicing is usually understood to mean, then it should have specifically so provided in its contract of insurance.
It is readily apparent that the trial judge erred in holding that there was no insurance coverage.
Accordingly the judgment appealed is reversed.
Reversed.
NOTES
[1] See cases collected at 18 Fla.Jur., Insurance § 94.