203 So.2d 26 (1967)
AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA, a Foreign Corporation, Appellant,
v.
Alfredo J. CASTELLANOS and Robert M. Robinson, Appellees.
No. 66-1009.
District Court of Appeal of Florida. Third District.
October 3, 1967.
Rehearing Denied October 31, 1967.
Fowler, White, Collins, Gillen, Humkey & Trenam, Fred R. Ober and Henry Burnett, Miami, for appellant.
Green & Hastings, Miami, for appellee Castellanos.
Dixon, DeJarnette, Bradford, Williams, McKay & Kimbrell and A.H. Toothman, Miami, for appellee Robinson.
Before PEARSON, BARKDULL and HENDRY, JJ.
HENDRY, Judge.
This is an appeal by the plaintiff, American Casualty Company of Reading, Pennsylvania, *27 from an adverse declaratory decree. In July of 1962, plaintiff issued an automobile liability insurance policy to defendant, Robert M. Robinson, pursuant to plaintiff's participation in the Florida Assigned Risk Plan. The Fort Myers Insurance Agency submitted the original application, collected the premium, and was designated as the "producing agency". The policy was delivered to Robinson through this same agency. During the policy year, the agency secured two amendments to the policy, one changing the description of the motor vehicle, the other changing the address of the insured. In July of 1963, the policy was renewed, this transaction likewise being handled by the Fort Myers Insurance Agency.
On February 17, 1963, Robinson was involved in an automobile accident with his co-defendant, Alfredo J. Castellanos, who subsequently filed suit against Robinson for damages. American Casualty Company ultimately undertook an investigation of the accident and preparation of a defense, but reserved rights under a clause in the policy regarding notice to the insurer. The policy of insurance recites:
"CONDITIONS"
"1. Notice of Accident  Coverages A, B and C. When an accident occurs written notice shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as practicable * * *."
The record shows that Robinson sent written notice of the accident to the Fort Myers Insurance Agency within a few days of its occurrence. The record discloses further that American Casualty Company first received notice of the accident on December 6, 1965, at which time Robinson had sent the company copies of the summons and complaint served upon him in the suit filed by Castellanos.
American Casualty Company subsequently filed for declaratory relief, seeking a determination as to the extent of its liability to Robinson under the terms of the policy. The chancellor ruled that American Casualty Company was obligated to defend the suit against Robinson and pay any judgment against him up to the policy limits. American Casualty Company seeks appellate review of the declaratory decree.
The only issue here before us is whether or not the Fort Myers Insurance Agency is an agent of the insurer for the purpose of notification. The record clearly shows that the Fort Myers Agency was not a regularly authorized agent of American Casualty Company. Therefore, if any agency relationship does exist, it must be one either imposed by law or implied in fact.
We find no act of the Florida Legislature bearing directly upon this question. However, appellant has cited the case of Iowa National Mutual Insurance Company v. Richards, 229 F.2d 210 (7 C.C.A., 1956), which it contends is controlling. The Richards decision stands for the proposition that a producing agent does not become the agent of the insurer solely by virtue of the operation of an assigned risk plan. However, that question is not before us. What is before us are the facts of this particular case.
We are inclined toward the view expressed by Mr. Justice Field in the case of Southern Life Insurance Company v. McCain, 96 U.S. 84, at page 85, 24 L.Ed. 653, (1878), wherein he states:
"Good faith requires that the principal should be held by the acts of one whom he has publicly clothed with apparent authority to bind him."
We find that American Casualty Company "clothed" the Fort Myers Insurance Agency with "apparent authority" when it accepted the benefits of no less than five transactions with Robinson subsequent to the original issuance of the policy, all of which subsequent transactions were handled through the said agency. American Casualty Company will not be heard to deny the burden of its contract *28 once having accepted the benefit thereof.
Accordingly, having examined appellant's contentions and finding no error, we affirm.
Affirmed.