PER CURIAM.
The plaintiff Victor Villa appeals a final summary judgment in a personal injury action in favor of the alleged tortfeasor’s *123 insurer, Nationwide Mutual Insurance Co., which was joined along with the tortfeasor as a defendant in this action. The plaintiff contends that the insurance policy previously issued by Nationwide Mutual Insurance Co. to the alleged tortfeasor defendant was in effect at the time of the automobile accident sued upon in this action; in particular, the plaintiff argues that the Hialeah Insurance Agency clothed with apparent authority to represent Nationwide Mutual Insurance Co. received from the alleged tortfeasor Shirley Morse and mailed to Nationwide the necessary premium to renew the said policy prior to the expiration date of said policy. Without deciding whether the evidence establishes this contention as a matter of law, we do agree with the plaintiff that a genuine issue of material fact exists with reference to the above contention making the summary judgment herein inappropriate based upon the following authorities: Brown v. Giffen Industries, Inc., 281 So.2d 897, 900 (Fla.1973); Milros-Sans Souci, Inc. v. Dade County, 296 So.2d 545, 548 (Fla.3d DCA 1974); Nationwide Mutual Insurance Co. v. Mason, 218 So.2d 185 (Fla. 4th DCA 1969); American Casualty Co. of Reading, Pennsylvania v. Castellanos, 203 So.2d 26 (Fla. 3d DCA 1967). Accordingly, the final summary judgment appealed from is reversed and the cause remanded to the trial court for further proceedings.
Reversed.