393 So.2d 41 (1981)
FIDELITY & CASUALTY CO. OF NEW YORK, Appellant,
v.
Frances BRITT, and Miami Auto Liability Ins. Agency, Inc., D/B/a Auto Liability Insurance Agency, Appellees.
No. 80-1632.
District Court of Appeal of Florida, Third District.
January 20, 1981.
Rehearing Denied February 20, 1981.
*42 Blackwell, Walker, Gray, Powers, Flick & Hoehl and James C. Blecke, Miami, for appellant.
Alfred D. Bieley, Miami, for appellees.
Before HUBBART, C.J., and SCHWARTZ and PEARSON, JJ.
SCHWARTZ, Judge.
After we reversed the dismissal of her complaint in Britt v. Fidelity & Casualty Co. of New York, 360 So.2d 116 (Fla. 3d DCA 1978), the trial judge entered summary judgment on liability for the plaintiff, holding that an authorized agent's[1] issuance of a temporary insurance binder on behalf of Fidelity & Casualty was, as a matter of law, binding upon that carrier, even though (a) the policy was issued under the assigned risk plan and (b) the rules of the Florida Joint Underwriting Association with respect to the amount of premium deposit required had arguably not been complied with. We agree with the determination below. Our decision is controlled by "[t]he rule that the acts of an agent performed within the scope of his real or apparent authority are binding upon his principal, regardless of whether the principal had knowledge of the agent's act." 18 Fla. Jur. Insurance, § 318 at 292-93 (1971); e.g., Eagle Fire Co. v. Lewallen, 56 Fla. 246, 47 So. 947 (1908). There is no reason for concluding that this well-recognized general principle does not apply to policies issued through the FJUA. See, American Casualty Co. of Reading, Pa. v. Castellanos, 203 So.2d 26 (Fla. 3d DCA 1967); § 627.311(1), Fla. Stat. (1979). On this point we distinguish Rios v. Florida Farm Bureau Mut. Ins. Co., 371 So.2d 700 (Fla. 3d DCA 1979), upon which the appellant heavily relies. That decision merely held that the agent there did not possess either the actual or apparent authority to reinstate a policy notwithstanding the insurer's previous valid cancellation for nonpayment of premiums. Compare, 18 Fla.Jur. Insurance, §§ 318-19, supra, with §§ 538, 645-51, and cases collected.
Affirmed.
NOTES
[1] The carrier responded affirmatively to a request for admission propounded by the plaintiff-insured that the document in question "is a true and correct copy of an automobile insurance binder issued by the Defendant or its authorized agent."