411 So.2d 936 (1982)
AETNA INSURANCE COMPANY, Appellant,
v.
Michael R. HOUCK, Guettler & Sons and Florida Power & Light Company, Appellees.
No. AD-8.
District Court of Appeal of Florida, First District.
March 22, 1982.
Rehearing Denied April 16, 1982.
*937 Herbert A. Langston, Jr., of Driscoll, Langston, Layton & Kane, Orlando, for appellant.
Edward H. Hurt of Hurt & Parrish and Bill McCabe of Shepherd, McCabe & Cooley, Orlando, for appellee Houck.
Janet R. DeLaura of Smalbein, Eubank, Johnson, Rosier & Bussey, Rockledge, for appellee Guettler & Sons.
Alfred A. Green, Jr., Daytona Beach, for appellee Florida Power.
THOMPSON, Judge.
Aetna Insurance Company (Aetna) raises numerous issues in this appeal from a compensation order requiring it to provide coverage on behalf of the employer Guettler and Sons (Guettler), and for the benefit of the injured employee, Michael Houck. Because the deputy commissioner (deputy) ruled in the order that Florida Power and Light Company (FP&L) would bear alternative responsibility for payment to Houck of all benefits due him under the workers' compensation law, FP&L joins appellees Guettler and Houck in resisting Aetna's appeal of the order. Only two of the many issues raised by Aetna merit our attention.
The record reveals that for over 23 years Guettler had placed all his business and personal insurance, including workers' compensation insurance, with the Haynes and Haynes Insurance Company (Insurance Agency), an independent agent for a number of carriers, including Aetna. Pete Guettler, owner of Guettler and Sons, and Louis Haynes, president of the Insurance Agency, were personal friends and over the years had established a course of credit dealing whereby Haynes would automatically renew all of Guettler's insurances and pay the premiums thereon with an Insurance Agency check. Guettler would make irregular lump sum payments to the Insurance Agency which Haynes would then allocate *938 to the various policies he had written for Guettler. For a period of at least 23 years, Haynes never failed to renew Guettler's insurance policies and Guettler never failed to pay any debt he owed to the Insurance Agency. Haynes and Guettler both testified that Guettler relied totally on Haynes to handle all of his insurance needs and keep his coverage in force.
In August 1977 Haynes was for the first time unable to place Guettler's workers' compensation insurance in the voluntary market and was forced to resort to the assigned risk pool. Haynes prepared and signed the application for the assigned risk insurance and tendered his agency's check in payment of the premium. The Florida Compensation Rating Bureau assigned the risk to Aetna which issued its policy providing coverage from August 26, 1977 to August 26, 1978. In June 1978 Aetna notified Haynes that it was willing to renew the policy and notified both Haynes and Guettler of the amount and due date of the renewal premium. A few days after Aetna issued these notices, Guettler paid Haynes some $4,000 to be applied to his account. In early July 1978, Guettler paid Haynes an additional $1200. Haynes did not apply any of these funds to renewal of the workers' compensation policy and on July 24, 1978 Aetna notified Haynes, Guettler and the Bureau of Workers' Compensation that coverage would terminate on August 26, 1978. On September 1, 1978 appellee Houck was seriously injured while acting in the course and scope of his employment with Guettler.
In this appeal, Aetna urges principally that the deputy erred in finding that Aetna did not comply with the statutorily mandated procedure for terminating a policy, and in ruling that Aetna was bound by the acts of its agent notwithstanding that its agency agreement with Haynes did not apply to insurance written through assigned risk pools. We agree that Aetna did everything it was statutorily required to do to terminate the policy on its expiration date and that by the terms of the agency agreement, Haynes had no actual authority to bind Aetna with respect to an assigned risk policy. However, we also agree with the deputy's finding that Aetna, by its conduct, gave Haynes apparent authority to act on Aetna's behalf with respect to this assigned risk policy. Haynes was an authorized agent for Aetna with respect to regular policies and he signed or countersigned the application for insurance, the policy itself, and a subsequently-issued certificate of insurance, all without objection by Aetna or notification by Aetna to Guettler or Haynes that Haynes was exceeding his authority. The record contains competent substantial evidence to support the deputy's finding that Guettler did not understand that the premium payment requirements for an assigned risk policy were different from the payment requirements with respect to a regular policy, and that Haynes would not extend credit on the renewal premium. In view of their 23 year course of credit dealing, Guettler's reliance on Haynes to renew the policy and bill him later was clearly reasonable, and we believe that Aetna had clothed Haynes with apparent authority to handle the renewal in that fashion. Fidelity and Casualty Company of New York v. Britt, 393 So.2d 41 (Fla. 3d DCA 1981); American Casualty Company of Redding v. Castellanos, 203 So.2d 26 (Fla. 3d DCA 1967). A carrier may not deny coverage where the coverage has lapsed through the fault of its agent rather than through the fault of the insured. American Fidelity Fire Insurance Company v. Johnson, 177 So.2d 679 (Fla. 1st DCA 1965).
Although we determine the coverage question adversely to appellant, Aetna, we find merit in Aetna's contention that the deputy erred in retaining jurisdiction for the purpose of determining and awarding a fee to the employer's attorney. Section 440.34, Fla. Stat. does not authorize an award of attorney's fees to anyone other than the claimant's attorney, and § 627.428, Fla. Stat., authorizing attorney's fees for insureds who successfully sue their insurers, does not apply to workers' compensation cases. Great American Indemnity Company v. Smith, 156 Fla. 662, 24 So.2d 42 (1945).
*939 The order is affirmed in part and reversed in part with instructions to the deputy to delete from the order his finding that Aetna is responsible for payment of the employer's attorney's fees.
MILLS and WENTWORTH, JJ., concur.