NIMMONS, Judge.
Appellant, Liberty Mutual Insurance Company, appeals from the deputy commissioner’s interlocutory order finding that a Liberty Mutual workers’ compensation insurance policy covering the appellee/em-ployer, Comtech Roofing, Inc., was in effect on the date of a work-related injury sustained by a Comtech employee, appellee Frank G. Sommers. We affirm.
On October 31, 1983, Kenneth Hyatt, president and owner of Comtech went to the Iler & Wall Insurance Agency, an independent agency, for the purpose of obtaining workers’ compensation coverage. Hyatt filled -out an insurance application form entitled “Application for Workers’ Compensation Insurance,” a form provided by the Florida Council on Compensation Insurance (FCCI).
The FCCI is an organization which assigns workers’ compensation risks in conformance with the Florida Workers’ Compensation Insurance Plan, a plan approved by the State Insurance Commissioner’s Office. In accordance with the Plan, the FCCI receives applications for workers’ compensation insurance and assigns coverage, on a random basis, to an insurance carrier which is in a pool of participating insurance companies.
One of the operating rules of the Plan governs the procedure by which coverage is bound. Generally, under that rule, the producing agent forwards the completed application to the FCCI in Jacksonville along with a check payable to FCCI for the estimated annual or deposit premium. The rule further provides that coverage will be bound at 12:01 a.m. on the first day following the postmark time and date on the envelope in which the application is mailed. The FCCI then issues a 30-day binder, copy of which is forwarded to the carrier to *524 which the risk is assigned. The carrier subsequently issues the policy.[1]
On his October 31 visit to Iler and Wall, Hyatt completed the application and gave a check for the “deposit premium” to an account representative, Diane Carey, who assisted Hyatt. According to the deputy’s order, Hyatt asked when coverage would begin “and was left with the impression that it was effective as of that time.” Hyatt testified that Carey told him “right now” when he asked her about the effective date of coverage. Although her testimony was different from Hyatt’s with respect to their conversation, we shall assume that Hyatt’s version was accurate.[2] The insurance application contained a space preceded by the printed words: “Effective 12:01 a.m. (Date).” During the completion by Hyatt and Cary of the application, Cary acknowledged that she wrote in “11/1/83” as the effective date. She said that she used that date because she figured that “would have been the earliest possible effective date.” As it turned out, the envelope was not postmarked until November 1 and, therefore, in accordance with the above-described rule of the Florida Workers’ Compensation Insurance Plan, the November 1 date was changed to November 2 when the application arrived on November 3 at the FCCI office in Jacksonville. FCCI then randomly assigned the risk to Liberty Mutual.
Sommers was injured while working for Comtech on November 1. Liberty Mutual controverted Sommers’ claim on the grounds that the accident had occurred pri- or to the effective date of coverage which Liberty Mutual claimed to be November 2.
In the deputy commissioner’s order from which the instant appeal is taken, the deputy ruled that the producing agent, Ilers and Wall, had the apparent authority to provide for an effective date of coverage contrary to that which resulted from the above-referred rule of the Florida Workers’ Compensation Insurance Plan. We agree.
The insurers participating in the Plan conferred upon producing agents the authority to bind coverage without approval from either the administrators of the Plan (FCCI) or the insurers. The question is whether the Plan's rule governing the effective date and time of coverage defeated the agent’s purported establishment of the effective date and time.
There is certainly no question but that the agent had sufficient authority to assure that coverage would be bound at 12:01 a.m. on November 1, 1983, the date which the agent inserted in the space provided on the application when the application was filled out on October 31. The simple expedient of the agent’s carrying or transmitting the envelope containing the application to the post office on October 31 would have resulted in an October 31 postmark and, under the rule, coverage effective at 12:01 a.m. on November 1. No one contends that Hyatt knew of the Plan’s postmark rule governing the effective date of coverage.
The facts in this case support the deputy’s application of the doctrine of apparent authority. The rationale for the doctrine is that a principal should be es-topped to deny the authority of an agent where he has permitted the appearance of authority in the agent and thereby justified the third party’s reliance upon that appearance of authority as though it were actually conferred upon the agent. 2 Fla.Jur.2d Agency and Employment § 36.
Although it has been held that a producing agent does not become the agent of an insurer solely by virtue of the operation of an assigned risk plan, see Rios v. *525 Florida Farm Bureau Mutual Insurance Company, 371 So.2d 700 (Fla. 3rd DCA 1979), it has also been held that an insurer should be bound by the acts of a producing agent whom the insurer has clothed with apparent authority to bind it. American Casualty Co. of Reading, Pa. v. Costellanos, 203 So.2d 26 (Fla. 3rd DCA 1967). Such is the case here. As earlier noted, the participating insurers conferred upon producing agents the authority to bind coverage without approval from either the FCCI or the insurers. Further, the FCCI insurance application form, the use of which the insurers presumably agreed to or acquiesced in, contained a space for the effective date which, from all appearances, would indicate to the applicant that it was appropriate for the agent to fill in. Nothing in the form indicated that the effective date and time of coverage was to be determined otherwise such as by the postmark which would be placed on the envelope when the application was mailed to the FCCI. In fact, from the totality of the application form’s provisions, it is perfectly understandable how one who, as here, pays the requisite deposit premium would be led to believe that coverage was bound on the effective date placed by the agent in the space provided.
AFFIRMED.
WENTWORTH and ZEHMER, JJ., concur.

. As can be seen, therefore, coverage can actually commence under that rule before either the FCCI or the assigned carrier is even aware of the existence of the application. In fact, in this very case, the envelope was postmarked November 1 but was not received by the FCCI until November 3. Under the terms of the Plan’s coverage rule, coverage was bound at 12:01 a.m. on November 2.

. Cary testified that if she had had a conversation with Hyatt about the effective date of coverage, she would have told him that coverage would become effective either 24 hours or 48 hours — she did not know which — after the postmark date on the envelope.