927 So.2d 947 (2006)
TRANSPORTATION CASUALTY INSURANCE COMPANY, Appellant,
v.
Mark J. FELDMAN and Paul Buechele, Appellees.
No. 3D04-2914.
District Court of Appeal of Florida, Third District.
March 15, 2006.
Rehearing Denied May 18, 2006.
*948 Wiederhold & Moses, and Robert D. Moses, West Palm Beach; Pallo Marks & Hernandez, and Bram Gechtman; Marjorie Gadarian Graham, Palm Beach Gardens, for appellant.
Richard Burke, and Mark J. Feldman, Miami, for appellees.
Before GERSTEN, GREEN and SUAREZ, JJ.
PER CURIAM.
Appellant, Transportation Casualty Insurance Company ("Transportation"), appeals a final judgment awarding Mark Feldman ("Feldman"), $56,800.00 in attorney's fees and costs pursuant to section 627.428, Florida Statutes (1991). We reverse.
Section 627.428, Florida Statutes (1991), authorizes an award of attorney's fees for insureds who successfully sue their insurers. See § 627.428, Fla. Stat. (1991). Section 627.428, however, does not authorize attorney's fees in worker's compensation cases because worker's compensation cases are governed by section 440.34, Florida Statutes (1991). See Aetna Ins. Co. v. Houck, 411 So.2d 936, 938 (Fla. 1st DCA 1982); see also § 430.34, Fla. Stat. (1991).
Under section 440.34, Florida Statutes (1991), compensation claims judges, not circuit court judges, are authorized to award attorney's fees in worker's compensation cases. See § 440.34, Fla. Stat. (1991). However, when section 440.34(1) is read in connection with section 440.24(1), it allows circuit court judges to award attorney's fees in proceedings such as a rule nisi action to enforce payments of compensation. See McCormick v. Messink, 208 So.2d 113 (Fla. 2d DCA 1968).
Here, the trial court awarded Feldman $4,200.00 in attorney's fees incurred in the rule nisi proceeding. At oral argument, Transportation conceded that Feldman is entitled to $4,200.00 in attorney's fees. Therefore, we find that the trial court's award of $4,200.00 for attorney's fees incurred in the rule nisi proceeding is proper. However, we find that the trial court judge did not have statutory authority to award any other attorney's fees in this case.
Our reversal of the final judgment on attorney's fees and costs, however, does not preclude Feldman from pursuing a claim for tortious interference with a business relationship in the circuit court. Accordingly, we reverse the trial court's order, awarding Feldman attorney's fees and costs for $56,800.00, except the $4,200.00 that Transportation conceded.
Reversed.