PER CURIAM.
Jose M. Francisco, P.A. (“the P.A.”) was retained by Jorge L. Espinosa on September 15, 2004, to represent Espinosa in a worker’s compensation case. Nine months later Espinosa discharged the P.A. as his counsel and retained ' successor counsel. The P.A. filed a charging and retaining lien in the worker’s compensation action. Four months later successor counsel settled the worker’s compensation case. As part of the settlement, the insurance carrier agreed to indemnify Espinosa regarding the P.A.’s claim for attorney’s fees.
The P.A. filed a complaint against Espi-nosa in the circuit court for breach of contract seeking payment of its attorney’s fee. The P.A. withdrew its charging and retaining lien in the worker’s compensation action. Espinosa, represented by counsel for the worker’s compensation carrier, filed a motion to dismiss arguing lack of subject matter jurisdiction. Espinosa contended that the judge of compensation claims has exclusive jurisdiction to award attorney’s fees.
The P.A.’s complaint was dismissed without prejudice and it filed an amended complaint alleging unjust enrichment and quantum meruit. Espinosa filed a motion to dismiss on the same basis and the amended complaint was dismissed with prejudice. This timely appeal follows.
We agree that the judge of compensation claims has exclusive jurisdiction to determine the fees to which the P.A. is entitled in this situation. See §§ 440.20(11)(c), 440.105(3)(c), Fla. Stat. (2006); Transp. Cas. Ins. Co. v. Feldman, 927 So.2d 947, 948 (Fla. 3d DCA 2006); McFadden v. Hardrives Const., Inc., 573 So.2d 1057, 1059 (Fla. 1st DCA 1991).
Affirmed.